18590. CAPITAL WALL PAPER COMPANY *v.* CALLAN COURT COMPANY.

JENKINS, P. J. 1. While it is well settled in this State that when a contract is partly written and partly printed, the written portion is entitled to "most consideration" (Civil Code of 1910, § 4268, par. 6), and that if the printed portions of the contract can not be reconciled with the written portions, the latter prevail (*Shackleford* v. *Fitzgerald,* 151 *Ga.* 35, 39, 105 S. E. 597; *Caddick Milling Co.* v. *Moultrie Grocery Co.,* 22 *Ga. App.* 524, 96 S. E. 583; *Surles* v. *Milliken,* 97 *Ga.* 485, 25 S. E. 322), still the cardinal rule of construction is to ascertain the intention of the parties (Civil Code of 1910, § 4266), and "the construction which will uphold a contract in whole and in every part is to be preferred, and the whole contract should be looked to in arriving at the construction of any part" (§ 4268, par. 3). Consequently, where the printed portion of a lease contract stipulated in part that "the lessor will not be responsible to the tenant or any other person for any loss of or damage to property, however occurring," and a written provision of the agreement stipulated that "the lessor agrees to furnish steam heat during the regular seasons for heat in the City of Atlanta, Georgia," the written and printed portions of the agreement must be construed in pari materia, and that construction placed upon the contract which will uphold it in whole and in every part, since there is no irreconcilable conflict between the quoted provisions. The printed portion of the agreement does not relieve the lessor from liability for a breach of his covenant to furnish heat, but only from liability for resulting damage to property growing out of such a failure. Accordingly, even if it be conceded that the clause of the lease contract requiring the landlord to furnish steam heat during the regular seasons therefor contemplated that such heat should be furnished and maintained in portions of the building other than the first-floor storeroom occupied by

the tenant, so that a failure to maintain heat sufficient to prevent freezing of the water-sprinkler system on the second and third floors would amount to a breach of the lease contract, such as would ordinarily give rise to an action for damages on the part of the tenant, still, since in the present case the contract on which the suit is based, by its express terms, relieved the landlord from liability to the tenant for any damage to property, however occurring, and since no evidence was adduced tending to establish any damage to the tenant except damage to property, the court properly granted a nonsuit.

3. While the lease contract may have been so ambiguous as to authorize the admission of parol testimony to be considered by the jury in arriving at the intention of the parties as to the portions of the entire building required to be heated, any error of the court in rejecting such testimony could not have been harmful to the plaintiff, in view of the express stipulation of the contract releasing the lessor from liability for loss of or damage to property.

> *Judgment affirmed. Stephens and Bell, JJ., concur.*
>
> DECIDED JULY 27, 1928.

*Spalding, MacDougald & Sibley, H. H. Hargrell,* for plaintiff. *Candler, Thomson & Hirsch,* for defendant.