BLANCHARD & CALHOUN REALTY CO. *et al. v.* COMER.

No. 12113. FEBRUARY 17, 1938.

*Cumming, Harper & Nixon,* for plaintiff in error.

*Henry T. Chance Jr.,* and *Roy V. Harris,* contra.

RUSSELL, Chief Justice. 1. Contracts creating the relation of landlord and tenant for any time exceeding one year must be in writing; and when executed by an agent, the authority of the agent to execute it must likewise be in writing. *Byrd* v. *Piha,* 165 *Ga.* 397. (2); Code, §§ 61-102, 4-105. Consequently the court erred in refusing the timely written request of the defendants to instruct the jury as follows: "I charge you, gentlemen of the jury, that

if you find that the defendant Blanchard & Calhoun Realty Company is the agent of the owners of the property involved in this case for the purpose of leasing the same, but that as such agent it has not been authorized by any writing signed by the owners to lease the premises, then I charge you that any lease or contract or agreement to lease made by said Blanchard & Calhoun Realty Company for any period longer than one year is void, and the owners of the property are not bound by any such lease or agreement to lease; so that even if you find that the agent of the owners did undertake to agree to have the lease renewed for five years, but by a mutual mistake it was omitted from the lease, nevertheless the lease can not be reformed so as to include such a provision, unless you find that Blanchard & Calhoun Realty Company was given by the owners of the building something in writing specifically authorizing Blanchard & Calhoun Realty Company to enter into or agree to enter into such a lease." The court nowhere in the charge stated this principle to the jury. The plaintiff's right to the relief of reformation was dependent on the validity of a contract executed by the alleged agent of the owners of the property involved.

2. There is no merit in the assignment of error on the following charge of the court: "In this case the plaintiff contends that the provisions of certain correspondence, which I have read to you, between himself and Blanchard & Calhoun as agents for the other defendants in this case, contains certain agreements which should have been included in the lease of the property involved in this case, and that it was omitted from the lease because he and Blanchard & Calhoun were of the opinion that since the terms of the lease were agreed on in the correspondence that it was not necessary to write the conditions in the lease agreement. If you find that this is true, then it will be your duty to find for the plaintiff, reforming the contract and making it speak the truth, if you believe that was the truth. The question to be determined by you is, does the lease agreement contain what the parties intended it should contain? If it is not their agreement, then it may be reformed by proof outside of the lease contract itself, so as to make the lease speak what was the true bargain or trade between the parties. If it does not speak the true agreement, it is wholly immaterial from what cause the defective execution of the intent

of the parties originated." The error complained of is that "such charge attempts to define to the jury the issue, but it omits to state that before they can find in favor of reforming the contract that they must find that the omission resulted in a gross injustice to one party and an unconscionable advantage to the other; and although the judge, in an early portion of the charge, commented on the necessity of those elements, none the less the failure to repeat them in the portion of the charge above quoted, when the jury [court] had strictly and specifically outlined to them what question was to be determined by them, was such as to mislead the jury and cause them to disregard the elements necessary to be considered in rendering a verdict in reformation of the contract." It appearing from the charge that the court had more than once fully instructed the jury that unless they found that the mistake operated as a gross injustice to one and gave an unconscionable advantage to the other, they could not find in favor of reforming the contract, the failure to again give the same instruction in connection with the excerpt from the charge quoted was not error.

3. The court erred in charging the jury: "In this case, if you should find that Blanchard & Calhoun were authorized by Mrs. Rosa Harkins and Mrs. Dora Rubenstein to lease the property described in the petition to T. J. Comer, then Blanchard & Calhoun would have the authority to agree upon the amount to be paid and the length of the term of the lease, and that the defendants, Dora Rubenstein and Rosa Harkins, would be bound by an agreement made by Blanchard & Calhoun concerning the rent to be paid and the length of time for which the lease was to run. The law says that an agent's authority shall be construed to include all necessary and usual means for effectually executing it. Therefore, if you believe Blanchard & Calhoun were the agents for the renting of the property in question in this case, they will be deemed to have all authority necessary and usual for effectually renting the property." Under this instruction the plaintiff was relieved of showing the authority of the agent to execute the contract in the manner required by law.

4. The admission of the testimony of the plaintiff, that "The moving force that caused me to sign the lease was my correspondence with Mr. Calhoun and the understanding at the time that I signed the lease that the letters were a part of the contract,"

was not erroneous, over the objection that such testimony "was incompetent, irrelevant, and inadmissible, in that there was evidence of an undisclosed motive of one of the parties to the suit as to why he executed the contract, the reformation of which was involved in the suit."

5. The court erred in failing to submit to the jury the question as to the amount of rental to which the defendants would be entitled should the verdict be for the defendants, the defendants having prayed that "judgment be rendered in behalf of Rosa S. Harkins and Dora S. Rubenstein for double the amount of rental value of the property described in plaintiff's petition for the period occupied by the plaintiff since the expiration of the lease described in and attached to plaintiff's petition."

6. The court erred in overruling the motion for new trial.

*Judgment reversed. All the Justices concur.*