## 46351. TEXTILE PRODUCTS, INC. v. FITTS COTTON GOODS, INC.

EVANS, Judge. Textile Products, Inc., sued Fitts Cotton Goods, Inc. for a brokerage fee. Plaintiff alleged it acted under an oral contract, which was later reduced to writing, whereby plaintiff was to help defendant to purchase at least 51% of outstanding shares of stock in the Mary-Leila Cotton Mills, Inc. The record is quite confusing in many respects. One of the things Textile Products agreed to under the contract is that *it would not sell* or attempt to sell any of the shares of stock in said Mary Leila Cotton Mills, Inc., prior to March 31, 1970, although it is not shown that plaintiff owned any stock in said corporation. Plaintiff alleged that defendant acquired 51% of the stock as contemplated by the contract within the time agreed on, and that it owed it a brokerage fee of $19,281.38, and that defendant's president, Robert Britt, had by written letter acknowledged compliance with the contract by plaintiff and that defendant owed the said $19,281.38 brokerage fee and that defendant would pay same. Defendant's answer denied indebtedness in

any sum, and alleged the letter by its president was written in error, before he learned that plaintiff had not complied with the contract, but had, during the life of the contract, sought to sell said stock in the Mary-Leila Cotton Mills, Inc., to other persons.

Discovery was sought by plaintiffs, and among other things, inquiry was made as to what persons knew plaintiff had breached the contract. Defendant responded by naming C. Julian Harris and Charles Nichols.

Plaintiff filed a motion for summary judgment and attached the affidavits of C. Julian Harris and Charles W. Nichols in an attempt to refute the assertion by defendant that plaintiff had breached the contract, and that such breach was known to said affiants as was alleged in defendant's response to discovery sought by plaintiff. The trial court denied plaintiff's motion for summary judgment and the case is here for review. *Held:*

The plaintiff did not show there was no issue left for determination by a jury, under the pleadings, affidavits, and interrogatories. A motion for summary judgment must be construed most favorably toward the respondent therein, and all inferences are construed most strongly against the movant. See *Holland v. Sanfax Corp.,* 106 Ga. App. 1, 5 (126 SE2d 442). Here, the affidavit of C. Julian Harris recites that between the dates of December 17, 1969, and February 16, 1970, he was chief executive officer of the Mary-*Lula* Cotton Mills, Inc. (not the Mary-*Leila* Cotton Mills, Inc.) and this spelling of the corporation of which he was an officer is used the second time in this same affidavit. At no place therein is the name of "Mary-*Leila* Cotton Mills, Inc." used. Hence, his affidavit is not sufficient to pierce the pleadings. The affidavit of Charles W. Nichols recites that neither he, as president of Textile Products, Inc., "nor any other person" offered the stock of Mary-Leila Cotton Mills, Inc., to any person other than defendant. His affidavit is sufficient as to what he did; but is a conclusion as to what other persons did, and is therefore not sufficient as proof under the provisions of *Code Ann.* § 81A-156 (e) which requires that affidavits in motions for summary judgment be based on personal knowledge and must show affirmatively that affiant is competent to testify to the matters stated therein. Obviously, in a court of law, this

witness could not have testified as to what other persons than himself did or did not do. § 56 CPA (Ga. L. 1966, pp. 609, 660; *Code Ann.* § 81A-156 (e)); *Chandler v. Gately,* 119 Ga. App. 513 (1a) (167 SE2d 697); *Cotton States Mut. Ins. Co. v. Proudfoot,* 123 Ga. App. 397 (2) (181 SE2d 305); *Watkins Products, Inc. v. England,* 123 Ga. App. 179 (180 SE2d 265).

*Judgment affirmed. Jordan, P. J., and Quillian, J., concur.*
SUBMITTED JUNE 29, 1971—DECIDED SEPTEMBER 9, 1971.

*Louis D. Yancey, Jr.,* for appellant.