## 49606. HITCHCOCK v. MAYFIELD.

EVANS, Judge.

A. W. Mayfield, as the owner of the Hilltop Apartments in Paulding County, Georgia, outside the city limits of Dallas, failed to arrange for fire protection with the Fire Department of the City of Dallas (apparently Paulding County offers no fire protection), although he had installed a Paulding County fire hydrant immediately in front of the apartments. The City of Villa Rica was the next nearest city with fire protection.

Rickey L. Hitchcock was a tenant in said apartments, having a one year lease. A disastrous fire occurred which spread to his apartment, destroying his personal effects valued at $7,325. The Dallas Fire Department did not respond to the fire outside its city limits because Mayfield had failed to register with it for fire protection. The Villa Rica Fire Department arrived too late to save the apartment.

Hitchcock later sued Mayfield for fire damage, contending defendant was negligent in failing to register with the Dallas Fire Department, although installing a fire hydrant for protection. Defendant answered the suit and denied liability, and contended the lease contract by and between plaintiff and defendant specifically stated that the landlord would not be liable for fire damage.

After discovery, defendant filed a motion for summary judgment which was granted. Plaintiff appeals. *Held:*

1. Provisions in rental contracts absolving landlords of liability for damages resulting from simple negligence

have been upheld as not contravening public policy. See *King v. Smith,* 47 Ga. App. 360, 364 (2) (170 SE 546); *Capital Wall Paper Co. v. Callan Court Co.,* 38 Ga. App. 428 (144 SE 135); *Plaza Hotel Co. v. Fine Products Corp.,* 87 Ga. App. 460 (74 SE2d 372).

2. But such provisions in a lease contract will not release landlords from acts or omissions which are either wilful in nature or so reckless or so charged with indifference to consequences as to evince a wantonness equivalent to an actual intent. See *Brady v. Glosson,* 87 Ga. App. 476, 480 (74 SE2d 253); *Sinclair Refining Co. v. Reid,* 60 Ga. App. 119, 122 (3 SE2d 121).

3. Ordinarily, issues relating to negligence are questions which lie peculiarly within the province of the jury. Questions of negligence, of contributory negligence, cause and proximate cause, whose negligence or what negligence constitutes the proximate cause of an injury, except in plain, palpable and indisputable cases, are solely for the jury. See *Montgomery v. Southern R. Co.,* 78 Ga. App. 370 (1d) (51 SE2d 66); *Harvey v. Zell,* 87 Ga. App. 280, 284 (73 SE2d 605); *Long Constr. Co. v. Ryals,* 102 Ga. App. 66 (1) (115 SE2d 726).

4. Plaintiff admits he executed the rental agreement which in paragraph 7 specifically stated the landlord would not be liable for the loss of any property by fire. But he now contends the instrument was under seal, was a lease for one year and one day, executed by an agent of the defendant on his behalf, who had no authority to execute the lease under seal, thereby rendering the lease void; and that he became a tenant at will rather than under the lease. A lease creating the landlord-tenant relationship which exceeds one year must be in writing, otherwise it is void, thereby creating merely a tenancy at will. An authority for an agent to execute a contract in writing shall likewise be in writing. *Byrd v. Piha,* 165 Ga. 397 (2), 403 (141 SE 48); *Blanchard &c. Realty Co. v. Comer,* 185 Ga. 448, 451 (1) (195 SE 420). If it is under seal then the agent's authority shall likewise be under seal, otherwise it is void, becoming only a tenancy at will. *Hayes v. City of Atlanta,* 1 Ga. App. 25 (2) (57 SE 1087). Thus, a lease under seal as to one, executed by only one of the parties is a unilateral contract which binds neither party, and the

tenant becomes merely a tenant at will. *Alexander v. Rozetta,* 110 Ga. App. 660 (1) (139 SE2d 451).

5. A written lease contract which clearly absolves the landlord of fire damage resulting from ordinary and simple negligence does not absolve him of wilful and wanton conduct or gross negligence amounting to same. Such a contract would be against public policy. *Sinclair Refining Co. v. Reid,* 60 Ga. App. 119, 122, supra.

But the question of simple negligence has not been decided between the parties, landlord and tenant. Here there may be a mere tenancy at will, and the plaintiff may not be bound by the waiver of damages as to simple negligence. It remains for a jury to determine whether or not the act of the landlord, in placing a fire hydrant in front of his apartments, and in failing to provide for fire protection for his tenants, amounts to negligence whereby defendant would be liable for the resulting damage. Therefore, the court erred in granting summary judgment in favor of the defendant. See *Hanchey v. Hart,* 120 Ga. App. 677 (171 SE2d 918); *Wakefield v. A. R. Winter Co.,* 121 Ga. App. 259 (174 SE2d 178).

*Judgment reversed. Pannell, P. J., and Webb, J., concur.*

ARGUED SEPTEMBER 3, 1974 — DECIDED NOVEMBER 26, 1974 — REHEARING DENIED DECEMBER 16, 1974 —

*Smith, Robertson & Sparrow, George T. Smith,* For appellant.

*Greer, Pollock & Klosik, Richard G. Greer, Kenneth C. Pollock,* for appellee.