## 52249. KEISTER v. CREATIVE ARTS GUILD, INC.

ARGUED MAY 24, 1976 — DECIDED JUNE 15, 1976.

*McCamy, Minor, Phillips & Tuggle, Carlton McCamy,* for appellant.

*Pittman, Kinney, Kemp, Pickell & Avrett, Maurice M. Sponcler, Jr.,* for appellee.

DEEN, Presiding Judge.

Construing the evidence most strongly in appellant's favor, the following facts are established: Appellant accompanied her elderly charge to appellee's art exhibit. She had been on the premises before and was aware of the "stage" which was elevated some nine inches to one foot above the main floor level. She stepped up onto the stage to view the exhibits and when her companion tired, the appellant seated her in a chair near the edge of the platform. When someone approached to speak with her companion, the appellant stepped backwards, fell from the stage and sustained the injuries for which this action was brought.

The appellant was an invitee and as such appellee owed her a duty to exercise ordinary care in keeping its premises safe. Code § 105-401. The complaint alleges this duty was breached in failing to provide guardrails along the edge of the stage and in failing to warn of the drop-off. In meeting its duty of ordinary care the appellee is neither required to erect guardrails (*Central of Ga. R. Co. v. Floyd,* 3 Ga. App. 257 (59 SE 826)), nor warn of an obvious and open danger. *Herschel McDaniel Funeral Home, Inc. v. Hines,* 124 Ga. App. 47, 49 (183 SE2d 7).

The appellant contends the danger was neither open nor obvious. This contention is not supported by the theory that there was an "optical illusion"; appellant admitted that she never looked behind her and that if she had looked she would not have fallen. *Herschel McDaniel Funeral Home, Inc. v. Hines,* 124 Ga. App. 47, 49, supra.

Nor will the evidence support a theory that appellant was "distracted" by appellee's art show and that for this reason the danger was not open and obvious. The appellant testified that she was "thinking" about the pictures rather than actually viewing any particular one when she fell, that pictures had a "terrific effect" on her, and that she stepped backwards when someone approached her companion to speak. "Where the distraction is self-induced the plaintiff can no more take the benefit of it to excuse his lack of care for his own safety than one who creates an emergency can excuse himself because of its existence." *Redding v. Sinclair Refining Co.,* 105 Ga. App. 375, 379 (124 SE2d 688). While the appellant testified that she was thinking about viewing pictures *in another part of the premises* when she stepped backwards and fell, we do not believe that the appellee here was any more bound to anticipate such a subjective distraction than was the defendant in *Herschel McDaniel Funeral Home, Inc.,* bound to anticipate that someone would step backwards to better view a floral display. See *Glover v. City Council of Augusta,* 83 Ga. App. 314 (63 SE2d 422).

The evidence showing there to be no actionable negligence the granting of summary judgment is affirmed.

*Judgment affirmed. Quillian and Webb, JJ., concur.*