52709. McGREW v. S. S. KRESGE COMPANY.

Clark, Judge.

This is an appeal by a plaintiff customer from grant of summary judgment to defendant retailer in a

slip-and-fall case.

Plaintiff's version as contained in her answers to interrogatories is that her fall was caused by the presence on the floor of "a plastic coat hanger of the type stores mostly use." We quote her words: "I started down one aisle of the store only to find about half-way down that aisle was blocked by boxes being unpacked by two clerks who were talking at the time. They made no move to clear the aisle so I retraced my steps to go down the next aisle parallel to that one. I was aggravated at the inconvenience and walking quite briskly as I turned the corner at the end of that aisle. As I rounded the end of the counter I stepped on something which threw me down. . ." Other pertinent answers were: "After the fellow shopper asked for a chair for me, it was placed next to the store employee who, incidentally could have seen the hanger on the floor . . . [The manager] called the two clerks who were stocking the counters in the aisle I first attempted to use, asked them why the coat hanger was on the floor. One of them replied that probably some customer threw it down there. . ."

Upon defendant moving for a summary judgment in reliance upon the foregoing quotations from plaintiff's answers the plaintiff's response was that "in this case all questions of negligence, proximate cause, etc., are questions to be passed upon by a jury. That the defendant has not shown that none of its many employees were negligent in the premises considered."

1. "As in all slip-and-fall cases the facts determine if the particular situation comes within those controlling precedents which have ruled for plaintiff or defendant or held the question to be for determination by the jury." *Lamberson v. Norris,* 135 Ga. App. 647 (218 SE2d 658).

2. As was said in *Food Fair, Inc. v. Mock,* 129 Ga. App. 421, 422 (199 SE2d 820): "The general law relating to 'slip and fall' cases has been well established for a period of years and the case citations are legion." Judge Stolz followed this statement with a summary of the applicable principles. It is unnecessary to extend this opinion by repetition of those principles and citations therein. Based upon those authorities this court there concluded that the pleadings were pierced as to the

existence of any defect. We further concluded that the plaintiff had failed "to establish by evidence the existence of a genuine issue of material fact in each of the two essential elements in this type of case, i.e., the existence of a defect and the defendant's awareness thereof, either actual or constructive. [Cits.]" The opinion ended with language peculiarly pertinent to the case sub judice: "The evidence simply shows that the plaintiff fell while shopping in the defendant's store. This is insufficient. See *W. T. Grant Co. v. Phillips,* 116 Ga. App. 650 (158 SE2d 312). To hold the defendant responsible in damages under the evidence presented, would make the storekeeper an insurer of the plaintiff's safety while on the premises. This is not the rule. [Cits.]"

Other recent decisions containing numerous precedents in slip-and-fall cases holding similarly against the plaintiff customer are *Hammonds v. Jackson,* 132 Ga. App. 528 (208 SE2d 366); *Sears, Roebuck & Co. v. Reed,* 132 Ga. App. 136 (207 SE2d 532); *Belk-Hudson Co. v. Davis,* 132 Ga. App. 237 (207 SE2d 528); *Smith v. Shuman,* 135 Ga. App. 594 (218 SE2d 304); *Lane v. Maxwell Bros. & Asbill,* 136 Ga. App. 712 (222 SE2d 184); *Winn-Dixie Stores v. Hardy,* 138 Ga. App. 342 (226 SE2d 142).

3. Plaintiff can derive no help from her assertion that a store employee "could have seen the hanger on the floor" as this is merely a conclusion as to what other persons did which is without probative value. See *Matthews v. Wilson,* 119 Ga. App. 708 (168 SE2d 864) and *Textile Products, Inc. v. Fitts Cotton Goods,* 124 Ga. App. 421, 422 (184 SE2d 14) and cits.

4. "The customer must exercise ordinary care for his own safety, and must by the same degree of care avoid the effect of the merchant's negligence after it becomes apparent to him or in the exercise of ordinary care he should have learned of it. He must make use of all his senses in a reasonable measure amounting to ordinary care in discovering and avoiding those things that might cause hurt to him." *King Hardware Co. v. Teplis,* 91 Ga. App. 13, 15 (84 SE2d 686). Application of that rule to the instant facts likewise requires grant of summary judgment against the plaintiff. The fact that she

permitted herself to become "aggravated" upon finding her aisle blocked and thereupon walked "quite briskly" militates against her position. One cannot derive any benefit from a "self-induced distraction." See *Keister v. Creative Arts Guild, Inc.,* 139 Ga. App. 67.

*Judgment affirmed. Bell, C. J., and Stolz, J., concur.*

ARGUED SEPTEMBER 22, 1976 — DECIDED SEPTEMBER 30, 1976 — REHEARING DENIED OCTOBER 25, 1976 —

*W. B. Mitchell, Thomas E. Dunn,* for appellant.
*Harris, Watkins, Taylor & Davis, David B. Higdon,* for appellee.