## 53675. HANCOCK v. ABBITT REALTY COMPANY, INC.

SHULMAN, Judge.

This is a slip and fall case brought on two theories of negligence. The first is that the owner of the property was negligent in failing to remove from a sidewalk under its

control a patch of ice which had formed there and on which appellant slipped. The second theory was that the sidewalk was defective, causing ice to form there when it did not form elsewhere. This appeal is from summary judgment for the defendant.

1. Appellant's first theory, that the landlord was negligent in failing to remove the ice before appellant slipped, is controlled adversely to her by our decision in *Auerbach v. Padgett,* 122 Ga. App. 79 (176 SE2d 193).

2. In defending against appellant's second theory, defective construction of the sidewalk from which she fell, appellee asserts that the sidewalk was not defective, but that if it was defective, appellee had no knowledge, actual or constructive, of the defect. To support its claim that the construction of the sidewalk was not defective, appellee submitted affidavits by officers of appellee corporation to the effect that they had never been cited by any building authority for failing to meet any building codes in connection with that sidewalk. Appellee also depended on the testimony of appellant's expert that the sidewalk did not violate any building code or regulation. However, appellant's expert, a certified safety professional, also testified that the part of the sidewalk involved in this case does not meet the accepted standards of his profession, while all the equivalent portions of sidewalk in the complex did meet those standards. Obviously, there is a conflict on the question of the existence of a defect in the construction of the sidewalk. That conflict presents a question of fact, not law, the resolution of which is for a jury.

3. In support of appellee's claim of lack of knowledge, it submitted affidavits of its officers stating that no one had brought the alleged defect to their attention. They specifically noted that appellant had never complained of the existence of ice on the spot where she fell.

The knowledge on which the liability of a landlord can be predicated may be actual or constructive. *Fincher v. Fox,* 107 Ga. App. 695 (2) (131 SE2d 651). In light of appellee's specific denial of actual knowledge, which denial was not countered by appellant, appellee must be chargeable with constructive knowledge before liability will attach. For the landlord to have constructive

knowledge of a defect, ". . . it must be shown to have existed for such a length of time, or under such circumstances as to put the owner of the building on notice before he will be liable for resulting injuries. [Cit.] Usually, what is a reasonable time is a jury question." Id. p. 699.

The facts alleged by appellant to have put appellee on notice of the dangerous condition produced by the construction of the sidewalk are the length of time appellee has had control of the premises, three years, and the fact that she had complained of the presence of ice on other portions of the sidewalk. We cannot say, as a matter of law, that this was not sufficient time to have discovered the defect, if there is one, nor that the circumstances were not " '. . . such as to require that the landlord should have made an investigation which when made would have necessarily resulted in discovery of the defects.' [Cit.]" *Hall v. Cohner,* 134 Ga. App. 586 (3) (215 SE2d 340). Again, a question of fact is presented.

4. The burden on a defendant who moves for summary judgment is to show that he would not be liable under any theory of the pleading and evidence. *Werbin & Tenenbaum, Inc. v. Heard,* 121 Ga. App. 147 (2) (173 SE2d 114). Appellee in this case, having failed to eliminate the questions of the existence of the alleged defect and of whether it is chargeable with constructive knowledge of the defect, if there is one, has not carried that burden. It was, therefore, not entitled to judgment as a matter of law and it was error to grant summary judgment as to the issue of defective construction.

*Judgment reversed. Quillian, P. J., and Banke, J., concur.*

ARGUED MAY 10, 1977 — DECIDED JUNE 13, 1977 — REHEARING DENIED JULY 7, 1977 — ■■■■■■■

*Charles A. Pemberton, Edward T. Floyd,* for appellant.

*Hurt, Richardson, Garner & Todd, W. Seaborn Jones, Frederick N. Gleaton,* for appellee.