## 57312. GEORGIA FARMERS' MARKET AUTHORITY v. DABBS et al.
## 57313. GENERAL PRODUCE, INC. v. DABBS et al.

BANKE, Presiding Judge.

The plaintiff was injured when he stepped backwards and fell from a loading dock into an open stairwell which led from the front of the dock down to the ground. The stairwell cut into the surface of the dock so as to create a notch or hole in it. He sued the defendants, Georgia Farmers' Market Authority and General Produce, Inc., charging them with negligence in failing to keep the premises safe for invitees.

Georgia Farmers' Market Authority is the owner of the dock, which runs in front of a row of offices and small warehouses occupied by various tenants who are in the business of selling agricultural products. Georgia Produce, Inc., is one such tenant. The plaintiff had driven a truckload of oranges from Florida to Georgia, and General Produce had purchased a portion of the load. As the plaintiff was attempting to assist General Produce's employees in placing a gangboard from the loading dock onto the truck so that they could unload it, one of them stepped in front of him, causing him to step backwards into the open stairwell. Although General Produce leased the premises directly behind this section of the dock, the dock itself was kept open for the common use of all the tenants and was under the control of Georgia Farmers' Market Authority.

The stairwell into which the plaintiff fell had originally been equipped with handrailings which were constructed in such a manner that they arched across the

surface of the dock on both sides of the hole created by the stairwell and thus provided considerable protection against the type of fall which he suffered. However, these railings had been removed or destroyed some time previously and had never been replaced. When the plaintiff ascended to the top of the loading dock, he did so by means of another stairwell which was still equipped with such handrailings.

The jury found in favor of the plaintiff, setting damages at $85,000. The defendants appeal the denial of their respective motions for new trial. *Held:*

1. "Since the case has already been tried, the enumeration of error complaining of the denial of [Georgia Farmers' Market's] motion for summary judgment is not meritorious. [Cits.]" *Mullinax v. Singleton,* 139 Ga. App. 704 (1) (229 SE2d 518) (1976).

2. The owner or occupier of land is under a duty to invitees to discover and either keep the premises safe from or warn of hidden dangers or defects not observable to such invitees in the exercise of ordinary care. *Coffer v. Bradshaw,* 46 Ga. App. 143 (8) (167 SE 119) (1932); *Day v. Trion Co.,* 56 Ga. App. 1 (192 SE 88) (1937); *Anderson v. Saffold,* 134 Ga. App. 31 (213 SE2d 127) (1975). See generally Code § 105-401. However, there is no duty to warn against obvious or patent dangers which may be observed and avoided by the exercise of ordinary care. *Hunt v. Thomasville Baseball Co.,* 80 Ga. App. 572, 573 (56 SE2d 828) (1949); *Rogers v. Atlanta Enterprises, Inc.,* 89 Ga. App. 903, 906 (81 SE2d 721) (1954); *Rich's, Inc. v. Waters,* 129 Ga. App. 305 (199 SE2d 623) (1975).

The defendants contend vigorously that any danger presented by the stairwell was of the latter variety and thus that as a matter of law they cannot be held liable for the plaintiff's injuries. We do not agree. From the testimony in the case, it could reasonably be inferred that all of the other stairwells going up the front of the dock were equipped with protective railings. Since the plaintiff ascended to the surface of the dock by the use of one such stairwell, the jury had ample basis on which to make a determination that the unmarked, unprotected stairwell into which he fell constituted a hidden danger. Thus, under the authorities above cited, the jury was authorized

to find that the defendants had a duty to warn the plaintiff when he began working around the stairwell, particularly since he was working with his back to it.

The cases relied upon by the defendants do not require a contrary ruling. In *Central of Ga. R. Co. v. Floyd,* 3 Ga. App. 257 (59 SE 826) (1907), this court held that the defendant railroad had no duty to fence off the edge of a loading platform since it was in plain, open view and since to have done so would have destroyed the utility of the platform. In the case before us now, the plaintiff did not fall from the edge of the platform, which indeed constituted an obvious danger, but into what amounted to a hole in the platform. The holdings in *Herschel McDaniel Funeral Home, Inc. v. Hines,* 124 Ga. App. 47 (183 SE2d 7) (1971) (involving a fall from a step which ran the length of the floor) and *Keister v. Creative Arts Guild, Inc.,* 139 Ga. App. 67 (227 SE2d 880) (1967) (fall from edge of a concert platform) are also inapposite for the same reason.

3. It was not error to refuse a request to charge the jury that the failure to place a guardrail or handrail on a stairwell does not constitute negligence. In the first place, this proposition cannot stand as an absolute principle of law. See *Fitzpatrick v. Jim Clay Ford, Inc.,* 126 Ga. App. 58 (1) (189 SE2d 876) (1972). In the second place, the issue in this case is not whether the stairwell was dangerous to use because it had no handrails; the issue is whether it was dangerous to work around because it had no protective railings to prevent people from falling into it.

4. It was not error to fail to charge on the principle of legal accident where both defendants contended that the cause of the accident was the plaintiff's negligence and where all the evidence indicated that the accident was due either to the negligence of the plaintiff or that of the defendants or both. *Henson v. Putnam,* 123 Ga. App. 254 (1) (180 SE2d 269) (1971); *Gilbert v. Parks,* 140 Ga. App. 550, 551 (4) (231 SE2d 391) (1976).

5. The trial court fully charged the jury on the plaintiff's duty to use ordinary care for his own safety and to avoid the consequences of any negligence by the defendant. See Code § 105-603. Therefore, it was not error to refuse Georgia Farmers' Market's request to charge on

this issue.

6. It was not error to charge the jury that the defendants had a duty to use reasonable care to discover defects or dangers on the premises and to warn the plaintiff thereof. See Division 1, supra, where the contention that the danger in this case was obvious as a matter of law was discussed and rejected. Furthermore, the trial court properly cautioned the jury that the owner or occupier of premises is not an insurer of the safety of his invitees and that the plaintiff could not recover if his knowledge of the danger was equal to or greater than that of the defendants.

7. The trial judge erred in charging the jury that where an invitee has his attention diverted because of a situation existing on the premises, a jury question is made as to whether his failure to observe a hazard in his pathway was negligent or not. See generally *Glover v. City Council of Augusta,* 83 Ga. App. 314 (63 SE2d 422) (1951); *Redding v. Sinclair Refining Co.,* 105 Ga. App. 375 (124 SE2d 688) (1962); *Gray v. Delta Air Lines, Inc.,* 127 Ga. App. 45, 52 (192 SE2d 521) (1972). There is no evidence that the plaintiff was distracted by any act of the defendants or by anything placed on the premises by them. If the plaintiff was distracted solely by his own activities, his failure to observe a potential danger is not excused. See generally *Stenhouse v. Winn Dixie Stores, Inc.,* 147 Ga. App. 473 (249 SE2d 276) (1978). None of General Produce's employees did anything to solicit the plaintiff's attention; there was no evidence that his attention was diverted by any attraction placed in the vicinity of the stairwell; and there was no indication that the defendants created or allowed any situation to exist on the platform which caused him to be in a state of stress or excitement. The absence of such evidence distinguishes this case from other cases wherein a jury issue as to distraction was held to exist. See, e.g., *Mason v. Frankel,* 49 Ga. App. 145 (174 SE 546) (1934); *Glover v. City Council of Augusta,* supra; *Miller v. Bart,* 90 Ga. App. 755 (84 SE2d 127) (1954); *Stanfield v. Forrest Five to Five Dollar Stores,* 95 Ga. App. 739 (99 SE2d 167) (1957); *Redding v. Sinclair Refining Co.,* supra; *Burger Barn, Inc. v. Young,* 131 Ga. App. 828 (207 SE2d 234) (1974). The

fact that one of the employees stepped in front of the plaintiff and caused him to step back does not constitute evidence of distraction, although such conduct might possibly have been negligent for some other reason. The plaintiff had his back to the stairwell at that point and would not have been looking at it anyway.

Because the charge on distraction was not warranted by the evidence, we hold that it was error to deny the defendants' motions for new trial.

8. Error is assigned on the following charge: "If you believe the plaintiff's injury will continue into the future, then the plaintiff would be entitled to recover damages for his lost future earning capacity, if the evidence shows reasonable facts upon which you can make a calculation as to loss for this item of damages." There was evidence showing the amount of income the plaintiff earned before the accident and the extent of disability which he suffered as a result of the accident. Furthermore, the plaintiff testified that he was unable to engage in his usual occupation (driving a truck) as efficiently or with as much stamina as before, and there was evidence that his condition would deteriorate in the future. "Based on evidence of what the plaintiff was able to do before and after the injury, the nature and percentage of permanent impairment, and the value of the services before the injury, a jury may make an award as compensation for diminished earning capacity, whether or not the evidence establishes with any exactitude the lost future earnings." *Jones v. Hutchins,* 101 Ga. App. 141 (2), 149 (113 SE2d 475) (1960). See also *Hunt v. Williams,* 104 Ga. App. 442 (5) (b) (122 SE2d 149) (1961); *Atlanta &c. Casket Co. v. Hollingsworth,* 107 Ga. App. 594 (7) (131 SE2d 61) (1963); *Mote v. Tomlin,* 136 Ga. App. 616 (2) (222 SE2d 57) (1975). This enumeration of error is without merit.

9. The trial court charged the jury that the two defendants contended that if there was any negligence on their part, such negligence was that of the other defendant. The defendants objected that this misrepresented their true position, which was that neither of them was guilty of any negligence at all. We are convinced that any resulting error was harmless. Each defendant presented evidence tending to show that

the duty of keeping the premises safe for invitees belonged to the other, thus impliedly accusing the other of any breach of duty which may have occurred. Furthermore, the trial court clearly instructed the jury that the defendants specifically denied any negligence on their part. Nevertheless, on retrial, such a charge should not be given unless the evidence clearly warrants it. See *Farr v. Collins,* 109 Ga. App. 37 (135 SE2d 65) (1964).

10. The court's charge on pain and suffering was a correct statement of the law, was not argumentative, and did not provide grounds for a new trial. An erroneous substitution of the word "mentally" for "materially" in one sentence of the charge is not likely to reoccur on retrial of the case.

11. The trial court did not err in refusing to allow the defendant to question the plaintiff about his receipt of workers' compensation benefits. See *Bennett v. Haley,* 132 Ga. App. 512, 522 (208 SE2d 302) (1974). Contrary to the defendant's contention, the evidence was not admissible for impeachment since the plaintiff did not deny that he had an outside source of income during the period of time immediately subsequent to the accident.

12. There is no merit in the contention that the trial court was without authority to delete objectionable material from certain documents originally admitted into evidence without objection. Evidence improperly admitted may afterwards be stricken out by the court. *Salter v. Williams,* 10 Ga. 186 (4) (1851).

13. In view of the fact that the case is to be retried, it is not necessary to decide whether the damages awarded by the jury were excessive.

*Judgment reversed. Underwood and Carley, JJ., concur.*

ARGUED FEBRUARY 6, 1979 — DECIDED APRIL 24, 1979 — REHEARING DENIED MAY 14, 1979 —

*Greer, Klosik & Daugherty, Frank J. Klosik, Jr., Michael L. Wetzel,* for appellant (Case No. 57312).

*Archer, Elsey & Vaughan, William T. Elsey, Stanley D. Tilley, Lokey & Bowden, Glenn Frick,* for appellees.

(Case No. 57312).

*Glenn Frick, Stanley D. Tilley,* for appellant (Case No. 57313).

*William T. Elsey, Frank J. Klosik, Jr., Michael L. Wetzel,* for appellees. (Case No. 57313).