### 61420. DeKALB COUNTY HOSPITAL AUTHORITY v. THEOFANIDIS et al.

QUILLIAN, Chief Judge.

Appellee Theofanidis slipped on a step leading to appellant hospital's emergency room and ruptured his right achilles' tendon. Appellee, and his wife for loss of consortium, brought this action for damages against the hospital alleging that a portion of the step on which he slipped was broken or worn and that the hospital was negligent in failing to exercise care in keeping its premises and approaches safe. At trial appellant's motion for directed verdict was denied, the jury returned a verdict of nothing for the wife and $13,000 for appellee, appellant's motion for judgment notwithstanding the verdict or in the alternative a new trial was denied, and the hospital appeals. *Held:*

1. Appellant alleges that the trial court erred in denying its motions for directed verdict and judgment notwithstanding the verdict or new trial because the alleged defect in the step was slight and appellant had no duty to maintain steps which were free from minor irregularities.

"[O]n appeal the evidence is to be construed to sustain rather than to destroy, the verdict, for every presumption and inference is in its favor. [Cit.]" *Jordan v. Ellis,* 148 Ga. App. 286, 289 (250 SE2d 859).

Appellee testified that he had taken his wife to the emergency room at night, had gone outside to park his car, that when he was returning to the emergency room his foot slipped on the third step of a concrete stairs leading up to the emergency room from the outside, and that a piece of the third step was missing. He identified a series of photographs showing a broken place on the edge of the third step. The director of building services for the hospital testified that he was familiar with the alleged defect in the step and that it had been there for about eight years. He described it as a piece of the concrete having fallen away, four and a half inches wide, a chip out of the edge of the step. "[O]n the level surface of the step it goes back about one inch. However, a half inch from the top of the step it goes — feathers away to where there's only a half inch indentation in the steps, so its very —

almost like a rounding off of the edge of the step."

Appellant's reliance on *City of Brunswick v. Glogauer*, 158 Ga. 792 (1) (124 SE 787), where it was stated that it should be held as a matter of law that the defendant was not negligent absent other evidence to show the dangerous character of an alleged defect, is misplaced as the court in that case, following its own precedents, felt constrained to hold that the existence of the defect for the length of time and under the circumstances disclosed by the evidence was sufficient to carry the case to the jury on the question of negligence.

*Associated Dist. v. Canup*, 115 Ga. App. 152 (154 SE2d 32), is also distinguishable as it turned on the sufficiency, not of evidence but of allegations in the complaint, and involved, not a defect in steps but a mound in the surface of a parking lot which was held to be so slight that no careful or prudent man would reasonably anticipate any danger from its existence. Other cases cited by appellant are not applicable as they are concerned with whether the defendants had notice of the alleged defects, an issue not involved in the instant case.

We find no error in the trial court's denial of the motion on this ground as the evidence does not, as a matter of law, show that the defect in the step was so slight that an injury was not forseeable. "It is a question for a jury whether the owner of premises has exercised proper care and diligence in keeping the premises safe for those invited thereon, especially when the defective condition is one of such character that reasonable and prudent men may reasonably differ as to whether an injury could or should have been reasonably anticipated from its existence or not. [Cits.]" *Griffith v. Morgan*, 117 Ga. App. 216 (1), 218 (160 SE2d 420).

2. Appellant also claims error in the denial of his motions for directed verdict, and judgment notwithstanding the verdict or new trial, because appellee did not establish that the alleged defect in the step was the proximate cause of his injury.

Appellee testified that he was going up the steps with his hand on the handrail on the right. It was dark and he was unaware of any defect in the steps. His foot slipped on the third step and he fell. He sat on the steps and felt around and found that a piece of the third step was missing. He said he slipped because the step was broken although the only thing he felt before he fell was his foot-slipping on the step. Photographs showed the defect and the steps were also viewed by the jury. Appellant's director of building services assumed that the location of the defect was where a foot would contact the step if one were going up the right side of the steps with a hand on the handrail.

We find that the trial court also did not err in denying the motions on this ground as the evidence does not plainly, palpably and

indisputably show a lack of proximate cause. Absent such evidence, the issue of proximate cause, as well as that of negligence, is for the jury. *Collins v. McGlamory,* 152 Ga. App. 114 (262 SE2d 262); *Myers v. Boleman,* 151 Ga. App. 506 (260 SE2d 359); *Jordan v. Ellis,* 148 Ga. App. 286, 289, supra; *Atlanta Transit System, Inc. v. Simpson,* 139 Ga. App. 34 (228 SE2d 20); *Worn v. Sea Cold Svcs.,* 135 Ga. App. 256 (217 SE2d 425); *Hitchcock v. Mayfield,* 133 Ga. App. 546 (211 SE2d 612).

*Judgment affirmed. McMurray, P. J., and Pope, J., concur.*

DECIDED MARCH 6, 1981 —

*Hunter S. Allen, Jr., Lorraine D. Hess,* for appellant.
*Platon P. Constantinides,* for appellees.