62626. LUBBERS v. THARPE & BROOKS, INC.

QUILLIAN, Chief Judge.

Plaintiff appellant Lubbers appeals the grant of defendant's motion for summary judgment. *Held:*

The undisputed facts are as follows: In June 1978, appellant deeded a certain residential lot to G. R. Hite Construction Co., Inc. (Hite), of which his son-in-law, Gary R. Hite, was president. On the same date Hite obtained a $50,000 loan from appellee to construct a

house on the lot. Hite also gave appellant a note for $12,500 and a deed to secure debt for the lot, which was made expressly subordinate to appellee's deed to secure debt on the same lot. Appellant thereupon began the construction of a house on the lot, doing some of the work himself, subcontracting the rest and using draws on the Hite construction loan to pay for the construction. In October 1978 Hite became unable to pay indebtedness it owed appellee on numerous houses, other than the one appellant was building, and by a mortgagee in possession agreement voluntarily surrendered to appellee all of its real property in which appellee had a security interest. Because of cross-default and dragnet provisions in Hite's security instruments to appellee, the surrender of possession also included the lot on which appellant was constructing a house, although the loan thereon was not in default. After published and actual notice to appellant, appellee foreclosed on all of Hite's properties, including the one on which appellant was working. Appellant did not appear at the foreclosure sale or make any effort to protect his subordinate security interest in the lot.

Appellant then commenced this action against appellee alleging that prior to deeding his lot to Hite he had tried unsuccessfully to get a construction loan from appellee; that in order to get a loan on appellee's advice he deeded his lot to Hite who was given the construction loan because Hite had prior loan experience with appellee; that he constructed the house on the lot using the funds from the construction loan and had substantially completed the house by November 1978 without default on the note or deed to secure debt; that when the foreclosure was advertised appellee through its agents, servants and employees repeatedly urged him to continue with the construction and that appellee would protect him from the foreclosure; and that four days before the foreclosure an employee of appellee told him he would not be protected from foreclosure. Claiming fraudulent misrepresentation by agents and employees of appellee stating that his house and lot would be protected from foreclosure appellant demanded actual and punitive damages. Appellee denied liability and in due course moved for summary judgment.

Appellant's complaint alleges fraudulent misrepresentation in that appellee's agents, servants and employees urged him to continue construction on the house and that he would be protected from the impending foreclosure of the Hite properties. The complaint also alleged that appellee knew that it intended to foreclose at the time the alleged promise to protect him from foreclosure was made. The complaint properly stated a cause of action for fraudulent misrepresentation. " 'While fraud cannot generally be based on

instances of misrepresentations as to future events, it may consist of such instances if, when the misrepresentation is made, the defendant knows that the future event will not take place.' [Cits.]" *McCravy v. McCravy,* 244 Ga. 336 (2), 337 (260 SE2d 52).

In summary judgment the movant has the burden of presenting evidence contradictory to, the plaintiff's pleadings. Code Ann. § 81A-156 (c) (Ga. L. 1966, pp. 609, 660 through 1975, pp. 757, 759). On the crucial allegation of fraud, appellee's verified answer and the affidavit of its vice president in support of the motion for summary judgment contain only conclusory and hearsay statements, such as: that no agent, servant or employee of appellee ever at any time whatsoever encouraged appellee to continue with construction on the house, or stated or promised appellant that he would be protected from foreclosure, or misrepresented its transactions with appellant, or made any false promises, assurances or statements to appellant.

"Ultimate or conclusory facts and conclusions of law . . . cannot be utilized on a summary judgment motion." 10 Wright & Miller, Federal Practice and Procedure, Civil § 2738, pp. 695-696. Accord, *Dickson v. Dickson,* 238 Ga. 672 (4), 674 (235 SE2d 479); *Morton v. Stewart,* 153 Ga. App. 636 (2), 643 (266 SE2d 230).

A corporate officer cannot testify to what other corporate employees did or did not do. "[The corporate officer's] affidavit is sufficient as to what he did; but it is a conclusion as to what other persons did, and is therefore not sufficient as proof under the provisions of Code Ann. § 81A-156 (e) which requires that affidavits in motions for summary judgment be based on personal knowledge and must show affirmatively that affiant is competent to testify to the matters stated therein. Obviously, in a court of law, this witness could not have testified as to what other persons than himself did or did not do. [Cits.]" *Textile Prod., Inc. v. Fitts Cotton, Inc.,* 124 Ga. App. 421, 422-3 (184 SE2d 14).

Appellee not having carried its burden under Code Ann. § 81A-156 (c), supra, the trial court erred in granting summary judgment.

*Judgment reversed. McMurray, P. J., and Pope, J., concur.*

DECIDED NOVEMBER 24, 1981 —
REHEARING DENIED DECEMBER 10, 1981 —

*James H. McDaniel,* for appellant.
*Marvin Zion, Mark J. Siskin,* for appellee.