## 65002. VIZZINI et al. v. BLONDER et al.

BANKE, Judge.

Thomas Vizzini and his wife brought this negligence action against the owners and operators of the apartment complex where they reside, alleging that defendants were negligent in allowing to exist on their property a dangerous walkway on which Mr. Vizzini fell and injured himself. They contend that defendants failed to keep the premises in good repair, thereby breaching not only the warranty of good repair implied in their lease but also the statutory duty of landlords set forth in Ga. Code Ann. §§ 61-111, 61-112, and 105-401. Mrs. Vizzini sued for loss of consortium.

The plaintiffs (appellants here) testified that because the parking lot in front of their apartment was usually full, they customarily parked their automobiles, with the apartment owners' concurrence and at their invitation, in a paved parking area located immediately behind their apartment. This parking area was separated from their rear door by a rather steep bank traversed by three concrete slabs, or stepping stones, which were set into the bank at sloping angles, and the plaintiffs contend that this pathway provided the only reasonable means of access between the apartment and the parking area.

According to the plaintiffs, approximately 10 weeks after they had moved into the apartment, while Thomas Vizzini was proceeding at a leisurely pace towards his car, the second of the three stones moved when he placed his weight on it, causing him to fall. They contend that as a result, he sustained a fracture of the leg, a herniated disc, and other injuries for which he has undergone surgery and other therapy, and for which he is still under treatment. They allege that the defective condition of the pathway was the proximate cause of these injuries and that defendants knew or should have known of the hazard. The trial court granted defendants' motion for summary judgment, and the Vizzinis appeal. *Held:*

On a motion for summary judgment the evidence must be construed most strongly against the movant, and the party opposing the motion is entitled to all inferences that may fairly and reasonably be drawn in support of his case. *Buchanan v. Georgia Boy Pest Control Co.,* 161 Ga. App. 301 (287 SE2d 752) (1982). The moving party has the burden of negating at least one of the essential elements of the opponent's case and of establishing that no genuine issues of material fact remain. *Shirley v. Bacon,* 154 Ga. App. 203 (267 SE2d 809) (1980); *Lawrence v. Gardner,* 154 Ga. App. 722 (270 SE2d 9) (1980). The defendants here have not negated any essential element of plaintiffs' case. The plaintiffs allege that the defendants, in the

exercise of ordinary care, either knew or should have known that the alleged hazard existed, should have anticipated that injury might result therefrom, and therefore should have taken measures to eliminate it. See *DeKalb County Hospital Auth. v. Theofanidis,* 157 Ga. App. 811 (278 SE2d 712) (1981); *Pippins v. Breman,* 152 Ga. App. 226 (262 SE2d 477) (1979); *Hancock v. Abbitt Realty Co.,* 142 Ga. App. 739 (236 SE2d 860) (1977); *Chatmon v. Church's Fried Chicken,* 133 Ga. App. 326 (211 SE2d 2) (1974). On the other hand, there is evidence which would authorize a jury to conclude that the plaintiffs' knowledge of the condition was equal or superior to that of defendants. See *Telligman v. Monumental Properties,* 161 Ga. App. 13 (288 SE2d 846) (1982); *Keister v. Creative Arts Guild,* 139 Ga. App. 67 (227 SE2d 880) (1976). The defendants' evidence, however, does not demonstrate as a matter of law that "appellee did not have knowledge superior to that of appellant of the condition or hazard which resulted in the slip and fall." *Telligman v. Monumental Properties,* supra, at pp. 14, 15. The movant therefore failed to carry his burden.

Since these issues cannot be resolved as a matter of law, the motion for summary judgment should not have been granted. Questions of negligence, contributory negligence, and proximate cause are ordinarily for the jury. *Cowart v. Five Star Mobile Homes,* 161 Ga. App. 278 (291 SE2d 13) (1982); *Hull v. Mass. Mut. Life Ins. Co.,* 142 Ga. App. 269 (235 SE2d 601) (1977).

*Judgment reversed. Shulman, C. J., Quillian, P. J., McMurray, P. J., Carley and Pope, JJ., concur. Deen, P. J., Birdsong and Sognier, JJ., dissent.*

Decided February 28, 1983 —
Rehearing denied March 18, 1983 —

*Mary E. Mann,* for appellants.
*David A. Handley, Hugh M. Worsham, Jr.,* for appellees.

Birdsong, Judge, dissenting.
Though the majority opinion recognizes that the evidence of record will accommodate a jury finding that Mr. Vizzini's knowledge of the condition of the steps leading to the upper parking lot was equal or superior to that of the landlord Blonder and thus preclude a recovery, the opinion also concludes that the evidence does not negate that Blonder did not have superior knowledge of the hazard which resulted in Mr. Vizzini's injuries.

While I agree with the first statement, I cannot agree with the

second. The evidence is without dispute that the three steps were placed in the bank separating the parking lots, as a means of ascent and descent between the upper and lower parking lots, more than two years earlier; but by whom is not shown. The record shows that the steps were fixed and remained the same during the two years without change in position. There is undisputed evidence that tenants used the steps regularly and there is no indication that anyone ever complained to each other or to Blonder that the steps were insecurely placed in the ground or were hazardous because of the absence of handrails. There was affirmative evidence that the Vizzinis were not aware of any defects nor were they aware of anyone ever suffering an injury from using the steps. The evidence finally reflects that the Vizzinis had lived in their new apartment for over 70 days. At least during that period of time, Mr. Vizzini worked five or more days each week. He used the lower parking lot and on each of those days descended and ascended the three steps to get to his car and back to his apartment. He admitted that as late as the day before the accident he was aware of no defect. For the first time, on the date of the accident, did the middle step tilt causing him to fall and injure himself. So far as the record shows, this also had to be the first notice to Blonder that the steps might be insecure.

Contrary to the conclusion in the majority opinion, I find such evidence wholly persuasive that the landlord Blonder could not have possessed greater knowledge of a defect than Vizzini for from the evidence there was no known defect until Mr. Vizzini fell. See *Pound v. Augusta National,* 158 Ga. App. 166, 168 (279 SE2d 342). Even assuming that there might have been a hazard in not furnishing handrails, Mr. Vizzini clearly had at least equal knowledge of any such hazard and voluntarily assumed it for more than 70 days without incident. On the basis of such evidence, I conclude that the only reasonable and rational conclusion arising from the evidence of record is that Vizzini's knowledge of the condition of the steps was certainly equal and even superior to that of Blonder. Thus, in my opinion, Blonder fully met its burden to negate Vizzini's right of recovery and the trial court properly granted summary judgment to Blonder. *Sears, Roebuck & Co. v. Reid,* 132 Ga. App. 136, 138 (207 SE2d 532). I would affirm the judgment of the trial court.

I respectfully dissent. I am authorized to state that Presiding Judge Deen, and Judge Sognier, join this dissent.