## 70453. ANDERSON v. DUNWOODY NORTH DRIVING CLUB, INC.
### (335 SE2d 451)

SOGNIER, Judge.

Sandra Anderson brought this action against Dunwoody North Driving Club, Inc. (Dunwoody) to recover damages for personal injuries received in an accident during a tennis game. The trial judge denied Dunwoody's motion for summary judgment and the case proceeded to trial. At the close of Anderson's evidence, the trial court granted Dunwoody's motion for directed verdict. Anderson appeals.

Appellant contends the trial court erred by granting appellee's motion for a directed verdict. A directed verdict is appropriate where there is no conflict in the evidence as to any material issue and the evidence introduced, with all reasonable deductions therefrom, demands a particular verdict. OCGA § 9-11-50 (a); *Blalock v. Central Bank of Ga.,* 170 Ga. App. 140 (1) (316 SE2d 474) (1984). At trial, the evidence adduced that appellant, a nonmember of appellee, was participating in a tennis tournament at appellee's facilities. During the course of her match appellant left her court to follow a lob shot into the adjacent court and sustained injuries when she collided with a trash bin containing protruding jagged wood. The trash bin was located immediately adjacent to the only gate in the fence surrounding the two tennis courts. Appellant had approached her playing area by going through this gate and testified at trial that she had reviewed the area for any hazards before commencing play. The accident occurred approximately one hour and forty-five minutes into the match. It is uncontroverted that the trash bin was in the open and in plain view during the entire time and at no point during the match was appellant's view of it obstructed.

Appellant argues that a directed verdict was improper because questions of fact remained for a jury to determine whether appellant was a licensee or an invitee. We need not address this issue because

even under the higher degree of care due appellant if she were an invitee, we hold that the verdict was appropriately directed in favor of appellee. In order for appellant as an invitee to recover for injuries sustained due to an allegedly hazardous condition on appellee's property, she was required to prove: (1) fault on the part of appellee and (2) ignorance of the danger on her part. *Pound v. Augusta National*, 158 Ga. App. 166, 168 (279 SE2d 342) (1981). Assuming, arguendo, that the presence of the trash bin at the rear of the tennis courts constituted actionable negligence on appellee's part, we have often held that " '[an invitee] must exercise ordinary care for his own safety, and must by the same degree of care avoid the effect of the [owner's] negligence after it becomes apparent to him *or in the exercise of ordinary care he should have learned of it*. He must make use of all his senses in a reasonable measure amounting to ordinary care in discovering and avoiding those things that might cause hurt to him.' [Cit.]" (Emphasis supplied.) *McGrew v. S. S. Kresge Co.*, 140 Ga. App. 149, 151 (4) (230 SE2d 119) (1976). See *Alterman Foods v. Ligon*, 246 Ga. 620, 623 (272 SE2d 327) (1980).

Appellant argues that her testimony that she became aware of the trash bin only moments before she collided with it presented a question of fact for the jury. "We are mindful that it is only in clear cases that the court has authority to decide questions of negligence as a matter of law. It is generally a jury question. But where, in the evidence, there is no reasonable ground for two opinions it then becomes a matter of law and not a question of fact for the jury." *Sumner v. Thomas*, 72 Ga. App. 351, 370 (33 SE2d 825) (1945). Even construing the evidence, as we must, in favor of appellant as the party opposing the motion for a directed verdict, *Ranger Constr. Co. v. Robertshaw &c. Co.*, 166 Ga. App. 679, 681 (1) (305 SE2d 361) (1983), the facts are undisputed that appellant had and took advantage of the opportunity to review the area where the trash bin was situated for any possible hazards and that the trash bin was obvious and in plain view throughout the approximately one hour and forty-five minutes of play before appellant's accident. Thus, the only reasonable explanation for appellant's collision with the trash bin is that she failed to exercise ordinary care for her own safety. See *Sumner*, supra at 370; *McGrew*, supra at 151; *Harris v. Bethel Air Conditioning &c. Co.*, 114 Ga. App. 255, 256 (150 SE2d 710) (1966); *Stowe v. Gallant-Belk Co.*, 107 Ga. App. 80, 82 (3b) (129 SE2d 196) (1962).

Appellant also argues that appellee is liable under the "distraction theory" because appellee was aware that appellant, distracted by playing tennis, could injure herself on the trash bin. However, it is uncontroverted that appellant's review of the playing area for any hazards occurred before her tennis match began and before she could have become "distracted" by that game, that the trash bin was in

plain view at that time and that it was not moved at any time prior to appellant's accident. Thus, we find no merit in this argument. Further, even if appellant were "distracted" from seeing the trash bin by her preoccupation with her tennis game, we have often held that where, as in the instant case, a distraction is self-induced, it will not excuse a party from the failure to exercise ordinary care. *Manheim Services Corp. v. Connell*, 153 Ga. App. 533, 534 (265 SE2d 862) (1980); *Keister v. Creative Arts Guild*, 139 Ga. App. 67, 68 (227 SE2d 880) (1976); *Ga. Farmers' Market Auth. v. Dabbs*, 150 Ga. App. 15, 18 (7) (256 SE2d 613) (1979); *McGrew*, supra at 151-52 (4).

Thus, because there is no conflict in the evidence as to any material issue, and a verdict in appellee's favor was demanded by the evidence, the trial court did not err by so directing the verdict. OCGA § 9-11-50 (a); see *Blalock*, supra.

*Judgment affirmed. Birdsong, P. J., and Carley, J., concur.*

DECIDED SEPTEMBER 12, 1985 —
REHEARING DENIED SEPTEMBER 26, 1985.

*William F. Clark, Douglas H. Reynolds, Jr.*, for appellant.
*Arnold Wright, Jr., Alan L. Newman*, for appellee.