## 74732. OGLETREE v. JACKSON.
### (361 SE2d 535)

SOGNIER, Judge.

Gregory Jackson brought suit against Gary Ogletree seeking to recover $5,000 he paid Ogletree under an agreement for the purchase of Ogletree's house. The parties stipulated that the sole issue for the trial court was the legal interpretation of the agreement. The trial court ruled in favor of Jackson and Ogletree appeals.

The sales contract signed by the parties set forth in detail the financing appellee was to obtain. The parties also signed a "move-in" agreement referencing the sales contract in which appellant agreed to rent the house to appellee prior to closing for a monthly sum. The move-in agreement also provided in Item 11 that "[t]his Move-in Agreement is supplemental to the Sales Contract between the parties, which includes a provision that it is subject to [appellee] being able to obtain a loan." The move-in agreement stipulated in Item 14 that appellee "shall deposit $5000.00 with [appellant]. This amount will be applied to the purchase price at time of closing. When or if the closing is not consummated, the entire $5000.00 will be held by [appellant]."

1. Appellant contends the agreement signed by the parties was unambiguous and the trial court's interpretation of the agreement conflicted with that unambiguous language. We do not agree. On a first reading, Item 11, making the entire agreement of the parties contingent upon appellee obtaining financing, would seem to conflict with Item 14, allowing appellant to retain the $5,000 deposit should the contract fail to close, presumably for any reason whatsoever. In addressing this conflict, the trial court was guided by the well-estab-

lished principle that "[c]onstruction of written contracts, even if they are ambiguous, is a matter for the court and no jury question arises unless after application of applicable rules of construction the ambiguity remains. [Cits.]" *Chalkley v. Ward*, 119 Ga. App. 227, 235 (7) (166 SE2d 748) (1969). In particular, the trial court relied upon OCGA § 13-2-2 (4) which provides: "The construction which will uphold a contract in whole and in every part is to be preferred, and the whole contract should be looked to in arriving at the construction of any part."

The apparent conflict in the agreement was harmonized by the trial court's interpretation that Item 11 placed a contingency in the contract which first had to be met before the contract became enforceable. Thus, had that contingency been met, the provision of Item 14 would have allowed appellant to retain the $5,000 deposit had the closing not been consummated for any reason thereafter arising. However, since the contingency in Item 11 was not met in that the parties agree appellee did not obtain the financing set forth in the sales contract, the trial court properly held that the contract was unenforceable and that appellee was entitled to the return of the $5,000.

2. As to appellant's remaining enumeration, in the absence of any irreconcilable conflict between Item 11 (printed matter) and Item 14 (typewritten provision), appellant's reliance on OCGA § 13-2-2 (7) is misplaced. See *Capital Wall Paper Co. v. Callan Court Co.*, 38 Ga. App. 428 (144 SE 135) (1928).

*Judgment affirmed. McMurray, P. J., and Beasley, J., concur.*

DECIDED SEPTEMBER 29, 1987.

*William H. Norton*, for appellant.
*Julius Alembik*, for appellee.