Mr. Justice Clayton
delivered the opinion of the court.
This cause will have to be dismissed on account of a defect in the appeal bond. It is an appeal from the probate court of Claiborne county, and the bond is made payable to the parties, instead of the judge of probate, as required by the statute. Twelve months ago we decided that, in such case the jurisdiction of this court did not attach, and that all we could do was to strike the cause from the docket. Whiting v. Green, not reported. A similar course must be pursued on the present occasion.
But as we had examined the points made in argument, before this defect was perceived, it may save the parties future costs and litigation, if we state the result of that examination.
The question as to the relative rights of husband or wife surviving upon the death of either, was so fully discussed in the case of Wade v. Grimes, 7 Howard, 425, that we shall content ourselves with a bare reference to it, so far as that point is involved.
The right of the infant petitioner to a distributive share of the estate of his half-sister, is the prominent question in the cause. He was born eight months and twenty-one days after her death, and the point of inquiry is, whether he was at that time in existence, so as to enable him to take.
Nine months is the usual period of gestation, and we think it right to place the commencement of foetal existence to that period before birth. It was formerly a question at what time the embryo might be said to be alive, and quickening was se *109 lected as the surest test of life, and the earliest point of time at which it could be deemed to be in existence. But it is now settled, both in England and in this country, that from the time of conception the infant is in esse, for the purpose of taking any estate which is for his benefit, whether by descent, devise, or under the statute of distributions, provided, however, that the infant be born alive, and after such a period of foetal existence that its continuance in life might be reasonably expected. A premature birth would not be regarded as of a character to give completeness to the inchoate right. 2 Paige, 35; 5 Serg. & Raw. 38; 4 Kent, 248; 2 Ath. 117; Williamson Exec. 1066; Chitty Med. Juris. 403; Beck, 317.
We are of opinion, therefore, that in this case the infant was entitled to take. The case, however, must be stricken from the docket, but the parties will have right to bring it up by writ of error, if they choose so to do.
Cause dismissed for want of jurisdiction.