35484.   PORTER *v.* LASSITER.

Decided February 18, 1955—Rehearing denied March 18, 1955.

*Pierce & Ranitz,* for plaintiff in error.

*Kennedy & Sognier,* contra.

GARDNER, P. J.  The question here to be determined is whether

or not, under the allegations of the petition, the plaintiff is entitled to recover the full value "for the death of her child" when the death is caused by injury prior to birth. Both counsel for the plaintiff and counsel for the defendant cite many cases pro and con concerning the issue. We have reviewed them as called to our attention by both parties. The Judge of the Superior Court of Chatham County in passing on the demurrers evidently put much time and thought in the judgment overruling them. We cannot improve on it as it was set out, and therefore set out his judgment herewith, and follow it because we think it is eminently correct in every respect concerning the petition and the demurrers. It reads: "Judgment of Court: This is a suit brought by Mrs. Betty Jean Lassiter against W. A. Porter, et al., for the homicide of her unborn child in an automobile collision on September 8, 1953. Mrs. Lassiter was riding as a guest of Mrs. Juanita E. Kellam who was driving the car. Mrs. Lassiter was thrown from her seat in the car. She was injured in the lower abdominal regions, was attended by physicians, and was ordered to a hospital on September 24, 1953. Mrs. Lassiter was then pregnant, and in her treatment a consultation was later had between Dr. D. L. Brawner and Dr. W. L. Salter to determine whether to take the child from the womb and end the pregnancy. It was decided Mrs. Lassiter should follow a course of treatment directed towards trying to save the child and she was treated with that end in view.

"On December 2, 1953, Mrs. Lassiter was taken ill at her home and was entered as a patient at Telfair Hospital. On December 9, 1953, Mrs. Lassiter miscarried and a 4½ months' old baby was aborted. The baby was dead upon birth. The death was attributed to the failure of the placenta or after-birth to follow the child as is necessary.

"Upon being examined the placenta showed an area of previous pathology. The accident above mentioned with the resulting injury to the placenta or after-birth, is alleged to have caused the untimely and regrettable death of the child.

"According to the allegations of the petition it appears that Mrs. Lassiter was 1½ months pregnant at the time of the accident. The miscarriage and death of the child occurred on December 9, 1953, and at that time she was 4½ months pregnant.

"The main question in this case is whether or not the plaintiff may sue for the homicide of a child in ventre sa mere, and to what extent an unborn child must be developed before a mother can sue for the value of the life of her child.

"The suit must be based upon the acts of 1952, p. 54, Code section 105-1307, Supp., as follows: 'A mother, or if no mother, a father, may recover for the homicide of a child, a minor or sui juris, unless said child shall leave a wife, husband or child. The mother or father shall be entitled to recover the full value of the life of such child . . .'

"So far as the question under consideration is concerned, the determination of the meaning of the word 'child' as used in this section is a necessary element.

"A parent could not recover for the homicide of an unborn child, or an infant, in Georgia, until the law, the act of 1952 (Georgia Laws 1952, p. 54) was passed. The previous law required that the child be able to contribute to the support of the parent.

"Decisions from other states are in conflict on the question of when a child 'in ventre sa mere' should be considered a 'child'.

"Some decisions consider that upon the formation of the foetus by conception, the foetus is then a child. Others, including Georgia, have held that a foetus becomes a child when it is 'quick' or capable of moving in its mother's womb. Others hold that it becomes a child when it is 'viable', capable of life and organic development independent of its contact with the mother. And others hold that the foetus does not become a child until it is actually born.

"In Georgia this court finds that in prosecutions for foeticide, the wilful killing of an unborn child so far developed as to be ordinarily called 'quick', is considered as murder. Code section 26-1103.

"If the child is not 'quick', the offense is a misdemeanor (Sec. 26-1102) unless done to save the life of the mother.

"In *Summerlin* v. *State*, 150 *Ga.* 173, 176, (Gilbert J.), the Supreme Court stated the words 'where a woman is pregnant with child' means an 'unborn child so far developed as to be quick—so far developed as to move or stir in the mother's womb,' and cited *Taylor* v. *State*, 105 *Ga.* 846; *Sullivan* v. *State*, 121 *Ga.* 183

(2); *Barrow* v. *State*, 121 *Ga*. 187 (5). These decisions were written in connection with the criminal statute.

"In *Tucker* v. *Carmichael*, 208 *Ga*. 201, 203-4, this honorable court in a civil case held:

" '1. A petition of a child, seeking damages for a prenatal injury resulting from negligence of the defendant in carrying its mother to the hospital, where it was born in slightly more than three hours after the injury, alleged a cause of action and the court erred in sustaining a demurrer thereto and dismissing the same.' On page 203, the court stated: '. . . it is seen that Blackstone says that, in contemplation of the common law, life begins when the child is able to stir in the mother's womb.' Judge Duckworth in the *Tucker* case said further: 'An examination of the decisions of the other jurisdictions disclosed that those courts are in disagreement as to the common law, each asserting, without supporting the assertion with any convincing authority, that their respective conflicting holdings on this question are in accord with the common law.' The *Tucker* case was discussed by D. R. Cumming, Jr. of the University of Georgia Law Division, Editorial Board, published in the Georgia Bar Journal, November 1951, p. 249, and sustains our thought, although he thinks it is with the minority group. In the Maryland case written about the same time as the *Tucker* case, 79 A. 2d 550, the views here given are discussed in a well considered case. They are also discussed in 10 A. L. R. 2d, 639-40 pro and con and in cases and commentaries cited by counsel for both plaintiff and defendant.

"This court has great respect for the Supreme Court of Georgia and wishes to follow the distinguished judges who wrote the Georgia decisions and the Georgia law quoted above.

"On the questions here considered the court reaches the following decisions:

"1. That a suit may be maintained by the mother for the loss of a child that was 'quick' in her womb at the time of the homicide.

"2. The court does not believe that a cause of action arose if the child was not 'quick' at its death. The court does not believe it necessary for the child to be 'viable' provided it was 'quick', that is 'able to move in its mother's womb.'

"3. Another question that arises is whether the cause of action

in this case arose on the date of the automobile injury to the mother, or on the date of the death of the child.

"The plaintiff could not sue for the homicide of the child on the date of the automobile collision since the homicide (death) was essential to the filing of the suit. The court is of the opinion that the cause of action dates from the death of the child which, according to the petition, was 4½ months after conception.

"4. The question of when a child, in a given instance, is 'quick' is a question of fact for a jury to determine.

"Order on general and special demurrers: The discussion above will control the case made on general demurrer. The court believes the case is well pleaded and is not subject to any of the special demurrers. The court thereupon overrules the general demurrer and overrules the special demurrers and all the grounds thereof. And it is so ordered.

"Done in open court this 1 day of October, 1954. [Signed]  D. S. Atkinson, Judge Superior Court, E. J. C. of Ga."

Hence it is our judgment that the judge of the superior court did not err in overruling the demurrers.·

*Judgment affirmed. Townsend and Carlisle, JJ., concur.*