35950. PLANTATION PIPE LINE CO. *v.* HORNBUCKLE,
by Next Friend.

DECIDED JANUARY 19, 1956—REHEARING DENIED FEBRUARY 8, 1956.

*Moise, Post & Gardner,* for plaintiff in error.

*John L. Westmoreland, Sr., John L. Westmoreland, Jr., Ernest Tidwell,* contra.

FELTON, C. J. According to the allegations of the petition the

injuries which damaged the plaintiff were inflicted on August 29, 1952, and the plaintiff was born on April 29, 1953. Under the allegations of the petition the injuries were necessarily inflicted before the plaintiff became quick in its mother's womb, the injuries having been inflicted before the fourth month of pregnancy. *Steed* v. *State,* 80 *Ga. App.* 360, 363 (56 S. E. 2d 171) ; *Biegun* v. *State,* 206 *Ga.* 618, 627 (58 S. E. 2d 149). Since there is no statute covering such a right of action as is here asserted, the common law as interpreted by the courts of this State controls. The common law on this question has been clearly and explicitly declared by the Supreme Court of Georgia in *Tucker* v. *Howard L. Carmichael & Sons, Inc.,* 208 *Ga.* 201 (65 S. E. 2d 909) to be that an action lies in a born child when the injuries complained of occurred when the child was quick in its mother's womb. It is contended by the plaintiff in the trial court that the action will lie even if the injuries occurred before the plaintiff became quick if it later became quick and was born alive. This would be an almost irresistible argument if we were deciding for the first time what the common law would have been in such a case because the only plausible answer to such an argument seems to be that the cause of action would be difficult to support by decisive evidence. This answer, however, is no answer to whether a cause of action is stated but goes only to the question of the sufficiency of evidence to support a verdict as illustrated by cases too numerous to mention where it was impossible to support by evidence a cause of action held good as against general demurrer. In line with the ruling in the *Tucker* case are: Code §§ 26-1103, 26-1102, 27-2519. The common law did not regard an infant as in being from the time of conception with respect to its preservation as a living being, but only from the time it had quickened in its mother's womb. 1 Am. Jur. 137, 138, § 14. *Porter* v. *Lassiter,* 91 *Ga. App.* 712 (87 S. E. 2d 100) is not authority to the contrary. There the direct injury was to the mother and not the child and the ruling that the question when a child is quick is a jury question does not mean that in a case such as this that a foetus or embryo less than two months old could be shown to be quick.

Since the plaintiff was not quick in her mother's womb at the time of the injuries complained of, the court erred in overruling the general demurrer to the petition.

*Judgment reversed. Quillian and Nichols, JJ., concur.*