## 59170. SHIRLEY v. BACON et al.

CARLEY, Judge.

Appellant-plaintiff commenced this wrongful death action seeking to recover damages for the death of her unborn child which allegedly resulted from injuries sustained in a collision while she was a passenger in an automobile owned by appellee-defendant Betty A. Bacon and being operated by appellee-defendant Starla A. Bacon. Both appellees moved for summary judgment contending, as a matter of law, appellant was precluded from maintaining this action. This appeal follows the grant of summary judgment in favor of appellees on the following ground: "Since it is uncontroverted that the unborn child of the plaintiff [appellant] was never 'quick,'

the plaintiff [appellant] cannot recover for the alleged negligent homicide of this unborn child."

The pertinent facts in this case construed most liberally in favor of the plaintiff, as required on a motion for summary judgment by defendant, show that appellant was between two and three months pregnant at the time of the collision. *Hatcher v. City of Albany,* 144 Ga. App. 503 (241 SE2d 619) (1978). Approximately one month after the collision, the appellant underwent a therapeutic abortion allegedly necessitated because of the injuries sustained and because of the numerous pelvic X-rays taken of those injuries. During the course of appellant's deposition, she testified that at no time prior to the abortion did she feel the fetus move within her.

In order to prevail upon a motion for summary judgment, the defendant, as movant, must produce evidence conclusively negating at least one essential element entitling the plaintiff to recover under every theory fairly drawn from the pleadings and the evidence. *Sheppard v. Post,* 142 Ga. App. 646 (236 SE2d 680) (1977); *Lockhart v. Beaird,* 128 Ga. App. 7 (195 SE2d 292) (1973). Appellees contend that they have, by the uncontradicted testimony of appellant, established that the fetus was never quick, thereby refuting an essential element of appellant's case. In essence, appellees rely upon appellant's testimony admitting that prior to the abortion she never felt the fetus move within her.

In Georgia an action for the wrongful death of an unborn child may be maintained if the child was "quick" at its death (not at the time of injury). *Porter v. Lassiter,* 91 Ga. App. 712 (87 SE2d 100) (1955). The concept of "quickening" is defined as that point in time when the fetus "is able to move in its mother's womb." *Porter v. Lassiter,* supra at 716; *Tucker v. Carmichael,* 208 Ga. 201 (65 SE2d 909) (1951). Contrary to the contention of appellees, there is no rule in this state that "quickening" occurs, as a matter of law, only during the fourth month of pregnancy and the criminal decisions which appellees cite in support of the aforesaid contention are not dispositive of the issues presented in the case at bar. Ordinarily, if there is a dispute as to the quickness of the fetus on the date of the alleged wrongful death, a question of fact is presented for resolution by a jury. *Porter v. Lassiter,* supra.

We do not believe that the aforestated testimony of appellant conclusively resolves in favor of appellees the issue of whether, at the time of its death, appellant's unborn child was *able* to stir or move within its mother's womb. The mere fact that appellant had not felt the movement of the fetus does not necessarily mean that the fetus did not move or was not capable of movement at the time of

the unborn child's death. Having failed to show that there was no genuine question as to the material issue of "quickness," appellees did not effectively pierce appellant's pleadings so as to preclude, as a matter of law, appellant's right to prevail. Thus, the trial court erred in granting appellees' motion for summary judgment. This case is distinguishable from the situation where suit is instituted for recovery by a surviving child after his birth for injuries sustained while an infant *en ventre sa mere.* See *Plantation Pipe Line Co. v. Hornbuckle,* 93 Ga. App. 391 (91 SE2d 773) (1956), revd. 212 Ga. 504 (93 SE2d 727) (1956).

Finally, the fact that the "homicide" in question occurred at the time of the therapeutic abortion does not preclude appellant from maintaining this action if the trior of fact concludes that said abortion was necessitated because of injuries sustained as a result of the negligence of appellees. *Gregory v. Ross,* 214 Ga. 306 (104 SE2d 452) (1958); *General Mtrs. Corp. v. Davis,* 141 Ga. App. 495 (233 SE2d 825) (1977); *Medi-Clean Services, Inc. v. Hill,* 144 Ga. App. 389 (241 SE2d 290) (1977).

*Judgment reversed. Quillian, P. J., and Shulman, J., concur.*

ARGUED JANUARY 8, 1980 — DECIDED MARCH 19, 1980— REHEARING DENIED APRIL 1, 1980 —

*Jule W. Felton, Jr., John G. Parker, Stanley E. Kreimer, Jr.,* for appellant.

*I. J. Parkerson, William S. Shelfer, Jr.,* for appellees.