72808. HIGHT v. BURDEN et al.
(350 SE2d 471)

McMURRAY, Presiding Judge.

This is an action by an inmate against the warden and certain correctional officers of the Augusta Correctional Medical Institution (ACMI). Plaintiff's complaint states a claim under 42 USCA § 1983 predicated on the alleged negligence of employees of ACMI in protecting plaintiff's personal property which resulted in the loss of two law books. Subsequently, plaintiff amended his complaint to allege a conspiracy by defendants to deprive him of his property and access to

the courts.

Defendants moved for summary judgment contending that *Hudson v. Palmer*, ___ U. S. ___ (104 SC 3194, 82 LE2d 393), and *Parratt v. Taylor*, 451 U. S. 527 (101 SC 1908, 68 LE2d 420), require the dismissal of the case sub judice. *Parratt* held that a negligent deprivation of a prison inmate's property by state officials does not violate the due process clause of the 14th Amendment if an adequate post-deprivation state remedy exists. *Hudson* extended the principles established in *Parratt* to situations involving intentional conduct. See also *Logan v. Zimmerman Brush Co.*, 455 U. S. 422 (102 SC 1148, 71 LE2d 265), holding that post-deprivation remedies do not satisfy due process where a deprivation of property is caused by conduct pursuant to established state procedure, rather than random and unauthorized action.

Defendants contended that plaintiff has no chance to succeed in this action due to the availability in Georgia of post-deprivation remedies to redress an unauthorized deprivation of property by prison officials. Defendants' motion for summary judgment was granted. Plaintiff appeals. *Held*:

1. Defendants' motion to dismiss plaintiff's appeal is denied. Defendants argue that final judgment in the case below was entered on February 24, 1986, so that the plaintiff's notice of appeal, filed on March 27, 1986, the thirty-first day, was untimely, resulting in this court lacking jurisdiction to consider the instant appeal. However, the record discloses that the final judgment (order granting summary judgment in favor of defendants) was filed on February 25, 1986, rather than the preceding day, so that plaintiff's notice of appeal was timely filed. See OCGA § 5-6-38.

2. The primary issue presented by this appeal is whether an adequate post-deprivation remedy is available to plaintiff under Georgia law. The doctrine of sovereign immunity is given constitutional status in Georgia. Constitution of Georgia, Art. I, Sec. II, Par. IX. Therefore, we must determine whether there is a waiver of sovereign immunity available to plaintiff sufficient to avoid a violation of the due process clause of the 14th Amendment.

Defendants argue that the provisions of OCGA § 28-5-60 et seq. and OCGA § 28-5-80 et seq. comply with the due process requirements. However, these Georgia statutes providing for a claims advisory board and its method of operation in regard to claims against the State of Georgia fall far short of amounting to the significant waiver of sovereign immunity which is provided by the tort claim procedure of the State of Nebraska (see Neb. Rev. Stat. § 81-8209) which is approved in *Parratt*. The Georgia procedure provides only for a discretionary largess from the State while the Nebraska procedure provides for a waiver of sovereign immunity (in specific circumstances) upon

completion of a simple procedural condition precedent (at least inso-
far as the amount involved does not exceed $50,000. See Neb. Rev.
Stat. § 81-8224). As Georgia provides no adequate post-deprivation
remedy to plaintiff, *Parratt* and *Hudson* do not bar plaintiff's action.

Furthermore, the evidence contained in the record fails to pierce
plaintiff's allegations of negligence and intentionally tortious conduct
by defendants. See in this regard *Shirley v. Bacon*, 154 Ga. App. 203
(267 SE2d 809) and *Lawrence v. Gardner*, 154 Ga. App. 722 (270
SE2d 9). The trial court erred in granting summary judgment in favor
of defendants.

*Judgment reversed. Carley and Pope, JJ., concur.*

DECIDED SEPTEMBER 19, 1986 —
REHEARING DENIED OCTOBER 31, 1986 

Alfred J. Hight, *pro se.*
J. Carlisle Overstreet, Michael J. Bowers, Attorney General,
Marion O. Gordon, First Assistant Attorney General, Daryl A.
Robinson, Senior Assistant Attorney General, for appellees.