PARKER, Justice
(concurring specially).
In Roe v. Wade, 410 U.S. 113, 93 S.Ct. 705, 35 L.Ed.2d 147 (1973), the United States Supreme Court created a fundamental right for pregnant women, allowing them to terminate their pregnancies through medical abortions under certain circumstances, in spite of the fact that those abortions resulted in the death of their unborn children. Subsequently, Roe has sometimes been misread as holding that those unborn children are not persons and do not have the same fundamental rights as does every other person, which rights must be protected by the law. As I explained in Hamilton v. Scott, 97 So.3d 728, 737 (Ala.2012) (Parker, J., concurring specially, joined by Stuart, Bolin, and Wise, JJ.), nothing could be further from the truth.
I concur in the decision of the Court today, which I authored. I write specially to emphasize that this decision, holding that the plain language of the chemical-endangerment statute requires the application of that statute to protect unborn children, is consistent with many statutes and decisions throughout our nation that recognize unborn children as persons with legally enforceable rights in many areas of the law. This special concurrence briefly summarizes some of the protections and rights of unborn children in five areas of the law — property law, criminal law, tort law, guardianship law, and health-care *422 law — demonstrating the breadth of legal protection afforded the rights of unborn children.[10]

I. Property Law

For centuries, the law of property has recognized that unborn children are persons with rights. For example, if a father (or, in some states, a close relative) died before his child was born, that child would inherit from the father as if he or she had already been born at the time the father died.[11] Similarly, if a will failed to provide for the possibility of a child born after the execution of the will and a child was born, the omitted child could, in many cases, receive a share in the estate equal in value to what he or she would have received if the testator had died intestate or a share equal in value to that provided to children named in the will.[12] Some states apply a *423 similar rule to ownership of future interests in land, as well.[13]

II Criminal Law

There are at least three aspects of criminal law where the states have increasingly protected fetal life: first, criminalizing fetal homicide; second, making the pregnancy of a homicide victim an aggravating factor that can lead to the imposition of the death penalty; and, third, prohibiting the execution of pregnant criminals.

Fetalr-Homicide Statutes

In a strong majority of states, killing an unborn child is criminal homicide unless it occurs as the result of a medical abortion, The majority of states prohibit any killing 0f an unborn child, other than a medical abortion at the mother’s request, regardless of gestational age.[14] However, some *424 states limit the applicability of homicide statutes based on the gestational age of the fetus. The most common age requirements are viability, which is that portion of the pregnancy where the unborn child is capable of surviving birth and living outside the womb,[15] and quickening, which is the point during the pregnancy when the pregnant woman first notices the movements of her unborn child.[16] A few states have created other age requirements.[17]

B. Penalty-Enhancement Statutes

Seven states specifically provide that the murder of a pregnant woman is an aggravating factor that may justify the imposition of the death penalty.[18] In nine other *425 states, the murder of a pregnant woman and her unborn child can lead to the application of the death penalty under statutes that allow for imposing the death penalty where a defendant murders more than one person in a single incident.[19] And in Florida, a killing that would be capital murder if the pregnant woman died is capital murder if the mother survives but her unborn child dies.[20]

C. Restrictions on Imposition of the Death Penalty

Of the 33 states in which the death penalty is authorized by law, at least 23 states have statutes prohibiting the execution of a pregnant woman.[21] If a pregnant woman is sentenced to death, the woman’s sentence is suspended, permitting the unborn child to develop and be born, thus protecting that unborn child’s life.

III. Tort Law

Tort law recognizes the humanity of unborn children by permitting actions to recover damages for prenatal injury and for prenatal wrongful death.

A. Prenatal Injuries

Thirty states permit recovery of damages for nonfatal prenatal injuries, regardless of the gestational age of the unborn child at the time the child suffered those injuries.[22] Seventeen other states and the *426 District of Columbia permit an action to recover damages for prenatal injuries when those injuries occur after viability, but have not determined whether an action may be brought for injuries occurring before viability.[23]

*427
B. Wrongful Death

Forty states and the District of Columbia permit recovery of damages for the wrongful death of an unborn child when post-viability injuries to that child cause its death before birth. See Hamilton v. Scott, 97 So.3d at 737 (Parker, J., concurring specially, joined by Stuart, Bolin, and Wise, JJ.).[24] Of these states, 2 also allow recovery in any case where the child dies *428 after quickening even if it is not yet viable,[25] and 11 states allow recovery regardless of the stage of pregnancy when the injury and death occur.[26]

IV. Guardianship Law

All states — by statute, rule, or precedent — permit a court to appoint a guardian ad litem to represent the interests of an unborn child in various matters including estates and trusts.[27]

*429
V. Health-Care Law

Every state permits competent adults to execute advance directives, including living wills and durable powers of attorney for health care. These documents describe the types of health care the author wishes to receive or not receive if he or she is unable to make decisions concerning his or her health care. With a few limited exceptions, however, most states prohibit the withdrawal or withholding of life-sustaining treatment from a pregnant woman, regardless of her advance directive.[28] Similarly, those states generally prohibit an agent acting under a health-care power of attorney from authorizing an abortion.[29]

Conclusion

The decision of this Court today is in keeping with the widespread legal recognition that unborn children are persons with rights that should be protected by law. Today, the only major area in which unborn children are denied legal protection is abortion, and that denial is only because of the dictates of Roe. Furthermore, the decision in the present cases is consistent with the Declaration of Rights in the Alabama Constitution, which states that “all men are equally free and independent; that they are endowed by their Creator with certain inalienable rights; that among these are life, liberty and the pursuit of happiness.” Ala. Const.1901, § 1 (emphasis added).[30]

. The citations to state codes and cases in the footnotes in this special writing are drawn largely from the following article: Paul Benjamin Linton, The Legal Status of the Unborn Child under State Law, 6 U. St. Thomas J.L. & Pub. Pol’y 141 (Fall 2011). I have not independently checked or verified these sources.

. See § 43-8-47, Ala.Code 1975; see also Alaska Stat. § 13.12.108 (2008); Ariz.Rev. Stat. Ann. § 14-2108 (2005); Ark.Code Ann. § 28-9-210 (2004); Cal. Prob.Code § 6407 (2009); Colo.Rev.Stat. Ann. § 15 — 11— 104(l)(b) (2011); DeLCode Ann. tit. 12, § 505 (2007); Fla. Stat. Ann. § 732.106 (2010); Ga. Code Ann. § 53 — 2—1(b)(1) (2010); Haw.Rev. Stat. Ann. 560:2-108 (2010); Idaho Code Ann. § 15-2-108 (2009); 755 Ill. Comp. Stat. Ann. § 5/2-3 (2007); Ind.Code Ann. § 29 — 1— 2-6 (2010); Iowa Code Ann. § 633.220 (1992); Kan. Stat. Ann. § 59-501(a) (2008); Ky.Rev.Stat. Ann. §§ 391.070, 394.460 (2010); La. Civ.Code Ann. art. 940 (2000); Me.Rev.Stat. Ann. tit. 18, § 2-108 (1998); Md.Code Ann., Est. & Trusts, § 3-107 (2001); Mass. Gen. Laws Ann. 190B § 2-302 (2012); Mich. Comp. Laws Ann. § 700.2108 (2002); Minn.Stat. Ann. § 524.2-108 (2002); Harper v. Archer, 4 Smedes & M. 99, 12 Miss. 99 (1845) (noting that "from the time of conception the infant is in esse, for the purpose of taking any estate which is for his benefit, ... provided ... that the infant be born alive, and after such a period of foetal existence that its continuation in life might be reasonably expected”); Mo. Ann. Stat. § 474.050 (2000); Mont.Code Ann. § 72-2-118 (2011); Neb. Rev.Stat. Ann. § 30-2308 (2010); Nev.Rev. Stat. Ann. § 111.085 (2010); N.H.Rev.Stat. Ann. § 21.20 (2008) (defining "issue”), 561:1 (2006); N.J. Stat. Ann. § 3B:5-8 (2007); N.M. Stat. Ann. § 45-2-104(A)(2) (2011); N.Y. Est. Powers & Trusts Law § 4-1.1(c) (McKinney 1998); N.C. Gen.Stat. § 29-9 (2009); N.D. Cent.Code § 30.1-04-04 (2010); Ohio Rev.Code Ann. § 2105.14 (2007); Okla. Rev.Stat. Ann. tit. 84, § 228 (1990); Or.Rev. Stat. § 112.075 (2007); 20 Pa. Cons.Stat. Ann. § 2104(4) (2005); S.C.Code Ann. § 62-2-108 (2009); S.D. Codified Laws § 29A-2-108 (2004); Tenn.Code Ann. § 31-2-108 (2007); Utah Code Ann. § 75-2-104(l)(b) (2010); Vt. Stat. Ann. tit. 14, § 303 (2010); Va.Code Ann. § 64.1-8.1 (2007); Wash. Rev. Code Ann. § 11.02.005(8) (2012); W. Va.Code Ann. § 42-1-8 (2004); Wis. Stat. Ann. § 854.21(5) (2011); Wyo. Stat. Ann. § 2-4-103 (2009).

. See § 43-8-91, Ala.Code 1975; see also Alaska Stat. § 13.12.302 (2008); Ariz.Rev. Stat. Ann. § 14-2302 (2005); Ark.Code Ann. § 28-39-407 (2004); Cal. Prob.Code § 21620 (2011); Colo.Rev.Stat. Ann. § 15-11-302 (2011); Conn. Gen.Stat. Ann. § 45a-256b (2010); DeLCode Ann. tit. 12, §§ 301, 310 (2007); Fla. Stat. Ann. § 732.302 (2010); Ga. Code Ann. § 53-4-48 (Supp.2010); Haw.Rev. Stat. Ann. § 560:2-302 (2010); Idaho Code Ann. § 15-2-302 (2009); 755 Ill. Comp. Stat. Ann. § 5/4-10 (2007); Ind.Code Ann. § 29-1-3-8 (2010); Iowa Code Ann. § 633.267 (1992); Ky.Rev.Stat. Ann. § 394.382 (2010); La. Civ.Code Ann. art. 1474 (2000); Me.Rev. Stat. Ann. tit. 18, § 2-302 (1998); Md.Code Ann., Est. & Trusts, § 3-301 et seq. (2001); Mass. Gen. Laws Ann. ch. 191, § 20 (2011); Mich. Comp. Laws Ann. § 700.2302 (2002); Minn.Stat. Ann. § 524.2-302 (2012); Miss. Code Ann. §§ 91-5-3, 91-5-5 (1999); Mo. Ann. Stat. § 474.240 (2009); Mont.Code Ann. § 72-2-332 (2011); Neb.Rev.Stat. Ann. § 30-2321 (2010); Nev.Rev.Stat. Ann. §§ 133.160, 133.180 (2009); N.H.Rev.Stat. Ann. § 551:10 (2006); N.J. Stat. Ann. § 3B:5-16 (2007); N.M. Stat. § 45-2-302 (2008); N.Y. Est. Powers & Trusts Law § 5-32 (McKinney Supp. 2012); N.C. Gen.Stat. § 31-5.5 (2009) (see also § 41-5 (providing that an unborn child *423 "shall be deemed a person capable of taking by deed or other writing any estate whatever in the same manner as if he were born”)); N.D. Cent.Code § 30.1-06-02 (2010); Ohio Rev.Code Ann. § 2107.34 (2007); Okla. Stat. Ann. tit. 84, § 131 (1990); Or.Rev.Stat. § 112.405 (2007); 20 Pa. Cons.Stat. Ann. § 2514(4) (2005); R.I. Gen. Laws § 33-6-23 et seq. (2011); S.C.Code Ann. § 62-2-302 (2009); S.D. Codified Laws § 29A-2-302 (2004); Tenn.Code Ann. § 32-3-103 (2007); Tex. Prob.Code Ann. § 67 (Vernon Supp. 2011); Utah Code Ann. § 75-2-302 (Supp. 2010); Vt. Stat. Ann. tit. 14, §§ 303, 332 et seq. (2010); Va.Code Ann. §§ 64.1-70, 64.1-71 (2007); Wash. Rev.Code Ann. § 11.12.091 (1998); W. Va.Code Ann. §§ 41-4-1, 41-4-2 (2004); Wis. Stat. Ann. § 854.21(5) (2011).

. See § 35-4-8, Ala.Code 1975; see also Cal. Civ.Code §§ 698, 739 (2007); Colo.Rev.Stat. Ann. § 38-30-119 (2007); Ky.Rev.Stat. Ann. § 381.140 (1999); Minn.Stat. Ann. § 500.14 (2012); Nev.Rev.Stat. Ann. § 111.080 (2010); N.M. Stat. Ann. § 47-1-21 (1995); N.D. Cent. Code § 47-02-19 (1999) {see also § 47-02-29); Ohio Rev.Code Ann. § 2307.14 (2010) (providing that court may appoint a trustee to represent the future interests of an unborn child); Okla. Stat. Ann. tit. 12, § 1147.1 (2000) (providing that court may appoint a trustee to represent the future interests of an unborn child); S.D. Codified Laws § 43-3-14 (2004) {see also § 43-3-16); Tex. Prop.Code Ann. § 112.036 (Vernon 2007).

. See Ala.Code 1975, § 13A-6-1 (a)(3); Alaska Stat. § 11.81.900(b)(62) (defining "unborn child”); § 11.41.150 et seq. (2008); Ariz.Rev. Stat. Ann. §§ 13-1102(A), (B) (negligent homicide), 13-1103(A)(5), (B) (manslaughter), 13-1104(A), (B) (second-degree murder), 13-1105(A)(1), (C) (first-degree murder) (2010); Ga.Code Ann. §§ 16-5-80 (feticide), 40-6-393.1 (feticide by vehicle), 52-7-12.3 (feticide by vessel) (2007 & Supp.2010); Idaho Code Ann. §§ 18-4016 (defining "human embryo” and "fetus”), 18-4001 (defining "murder”), 18-4006 (defining "manslaughter”) (2004); 720 Ill. Comp. Stat. Ann. §§ 5/9-1.2 (intentional homicide of an unborn child), 5/9-2.1 (voluntary manslaughter of an unborn child), 5/9-3.2 (involuntary manslaughter or reckless homicide of an unborn child) (2011); Ind. Code Ann. § 35-42-1-6 (feticide) (2011) {see also Ind.Code Ann. §§ 35-42-1-1(4) (murder), 35-42-1-3(a) (2) (voluntary manslaughter), 35-42-l-4(b), (d) (involuntary manslaughter) (2011)); Kan. Stat. Ann. § 21-5419 (Supp.2011); Ky.Rev.Stat. § 507A.010 et seq. (fetal homicide) (2008); La.Rev.Stat. Ann. §§ 14:2(A)(11) (defining "unborn child”), 14:32.5 (defining "feticide”), 14:32.6 et seq. (substantive offenses) (2012); Mich. Comp. Laws Ann. § 750.90a et seq. (2004); Minn. Stat. Ann. § 609.266 et seq. (2009); Miss. Code Ann. § 97-3-37 (2011); Neb.Rev.Stat. Ann. § 28-388 et seq. (2009); N.D. Cent.Code § 12.1-17.1-01 et seq. (1997); Ohio Rev.Code Ann. §§ 2903.01(A), (B) (aggravated murder), 2903.02(A) (murder), 2903.03(A) (voluntary manslaughter), 2903.04(A), (B) (involuntary manslaughter); 2903.041(A) (reckless homicide), 2903.05(A) (negligent homicide), 2903.06(A) (aggravated vehicular homicide, vehicular homicide, and vehicular manslaughter), 2903.09(A), (B) (definitions) (2010); Okla. Stat: Ann. tit. 21, § 691 (defining “homicide”), tit. 63, § 1-730(4) (defining “unborn child”) (2012); 18 Pa. Cons.Stat. Ann. § 2601 et seq. (1998); S.C.Code Ann. § 16-3-1083 (Supp.2011); S.D. Codified Laws §§ 22-1-2(31) (defining “person”), 22-1-2(50A) (defining "unborn child”); 22-16-1 (defining "homicide”), 22-16-1.1 (fetal homicide), 22-17-6 (intentional killing of a human fetus) (Supp.2011); Tenn.Code Ann. § 39-13-214 (Supp.2012); Tex. Penal Code §§ 1.07(a)(26) (defining "individual”), *424 1.07(a)(38) (defining “person”) (Vernon 2011); Utah Code Ann. § 76-5-20l(l)(a) (Supp.2010); W. Va.Code Ann. § 61-2-30 (2010); Wis. Stat. Ann. §§ 939.75(1) (defining “unborn child”), 940.01(l)(b) (first-degree intentional homicide), 940.02(lm) (first-degree reckless homicide), 940.05(2g) (second-degree intentional homicide), 940.06(2) (second-degree reckless homicide), 940.08(2) (homicide by negligent handling of a dangerous weapon, explosive, or fire), 940.09(l)(c), (l)(cm), (l)(d), (l)(e) (homicide by intoxicated use of a vehicle), 940.09(lg)(c), (lg)(cm), (lg)(d) (homicide by intoxicated use of a firearm), 940.10(2) (homicide by negligent operation of a vehicle), 940.04(1) (intentional destruction of the life of an unborn child) (2011) (see also Wis. Stat. Ann. § 940.04(2)(a) (2005) (intentional destruction of the life of an "unborn quick child”)). In addition to the foregoing statutes, Missouri has enacted a statute providing a rule of construction, see Mo. Ann. Stat. § 1.205 (2000), which has been applied to the state's homicide statutes, making them applicable to any killing of an unborn child at any stage of gestation that is not the result of an abortion. See State v. Knapp, 843 S.W.2d 345 (Mo.1992), State v. Holcomb, 956 S.W.2d 286 (Mo.Ct.App.1997), State v. Rotten, 133 S.W.3d 57 (Mo.Ct.App.2003).

.Fla. Stat. Ann. §§ 782.09(5) (homicide) (defining "unborn quick child” in terms of viability), 782.071 (vehicular homicide) (2007); Ind.Code Ann. §§ 35-42-1-1(4) (murder), 35-42-l-3(a)(2) (voluntary manslaughter), 35-42-l-4(b), (d) (involuntary manslaughter) (2011) (see also Ind.Code Ann. § 35-42-1-6 (feticide) (2011)); Md.Code Ann., Crim. Law § 2-103 (Supp.2011); Mich. Comp. Laws Ann. § 750.322 (2004) (a "quickening” manslaughter statute that, subsequent to Roe v. Wade, the Michigan Supreme Court limited to post-viability criminal acts, Larkin v. Cahalan, 389 Mich. 533, 208 N.W.2d 176 (1973)) (see also Mich. Comp. Laws Ann. § 750.90a et seq. (2004)); R.I. Gen. Laws § 11-23-5 (2002) (defining "quickening" in terms of viability).

. Nev.Rev.Stat. Ann. § 200.210 (2006) (manslaughter); Wash. Rev.Code Ann. § 9A.32.060(l)(b) (2012) (manslaughter); Wis. Stat. Ann. § 940.04(2)(a) (2005) (intentional destruction of the life of an "unborn quick child”) (see also Wis. Stat. Ann. §§ 939.75(1) (defining "unborn child”), 940.01(l)(b) (first-degree intentional homicide), 940.02(lm) (first-degree reckless homicide), 940.05(2g) (second-degree intentional homicide), 940.06(2) (second-degree reckless homicide), 940.08(2) (homicide by negligent handling of a dangerous weapon, explosives, or fire), 940.09(l)(c), (cm), (d), and (e) (homicide by intoxicated use of a vehicle), 940.09(lg)(c), (lg)(cm), (lg)(d) (homicide by intoxicated use of a firearm), 940.10(2) (homicide by negligent operation of a vehicle), 940.04(1) (intentional destruction of the life of an unborn child) (2011)).

. Arkansas draws the line at 12 weeks’ gestation; see Ark.Code Ann. §§ 5-1-102(13)(B)(i)(a), (b) (2009) (cross-referencing homicide offenses), § 5-10-101 et seq. (2006); under California law, the offense of murder has been defined to include the unlawful killing of a "fetus," see Cal.Penal Code § 187(a) (2008) (interpreted by the California Supreme Court to mean "post-embryonic" — i.e., 7 to 8 weeks' gestation), People v. Davis, 7 Cal.4th 797, 872 P.2d 591, 599, 30 Cal.Rptr.2d 50 (1994); Virginia also has enacted a statute prohibiting the "[kjilling [of] a fetus,” Va. Code Ann. § 18.2-32.2 (2009), but the term "fetus” is not defined in the criminal code and has not yet been interpreted by the Supreme Court of Virginia.

. Ariz.Rev.Stat. § 13 — 751(F)(9) (specifically listing the killing of an unborn child as an aggravating factor); Colo.Rev.Stat. Ann. § 18 — 1.3—1201 (5)(q) (2012); Del.Code Ann. *425 tit. 11, § 4209(e)(l)(p) (2012); Ind.Code Ann. § 35-50-2-9(b)(16) (limited to cases where the unborn child had reached viability); 42 Pa. Cons.Stat. Ann. § 9711(d)(17) (limited to cases where the pregnancy is in its third trimester); Tenn.Code Ann. § 39 — 13— 204(i)(16) (Supp.2012); Va.Code Ann. § 18.2— 31(11) (Supp.2012).

. See § 13A-5-40(a)(10), Ala.Code 1975; Ark.Code Ann. § 5 — 10—101(a)(4), (9A); Idaho Code Ann. § 19-2515(9)(b); Mo.Rev.Stat. § 565.032 2(2) (2012); Ohio Rev.Code. Ann. § 2929.04(A)(9); Okla. Stat. tit. 21, § 701.12 (2012); S.C.Code Ann. § 16-3-20(C)(a)(9); Vernon's Tex. Penal Code Ann. § 19.03(a)(7); Utah Code Ann. § 76-5-202(l)(b).

. Fla. Stat. Ann. § 782.09(l)(a) (2012).

. Ala.Code 1975, § 15-18-86; Ariz.Rev.Stat. Ann. §§ 13-4025, 4026 (2010); Ark.Code Ann. § 16-90-506(d)(2) (2005); Cal.Penal Code §§ 3705, 3706 (2011); Fla. Stat. Ann. § 922.08 (2001); Ga.Code Ann. §§ 17-10-34, 17-10-39 (2004); Idaho Code Ann. §§ 19-2713, 19-2714, 19-2719a (2004); Ind.Code Ann. § 35-38-6-10 (2010); Kan. Stat. Ann. § 22-4009 (2008); Ky.Rev.Stat. Ann. § 431.240(2) (1999); La.Rev.Stat. Ann. § 15:567(D) (2005); Md.Code Ann., Corr. Servs. § 3-902(e) (2008); Miss.Code Ann. § 99-19-57 (2006); Mo. Ann. Stat. § 546.800 et seq. (2002); Mont.Code Ann. §§ 46-19-203, 46-19-204 (2011); Neb.Rev.Stat. Ann. §§ 29-2540, 29-2541 (2009); Nev.Rev.Stat. Ann. § 176.465 et seq. (2009); Ohio Rev.Code Ann. § 2949.31 (2010); Okla.Rev.Stat. Ann. tit. 22, §§ 1010, 1011 (2003); S.C.Code Ann. § 16-3~20(A) (2003); S.D. Codified Laws § 23A-27A-27 et seq. (2004); Utah Code Ann. § 77-19-202 (Supp.2010); Wyo. Stat. §§ 7-13-912, 7-13-913 (2007).

.Wolfe v. Isbell, 291 Ala. 327, 280 So.2d 758, 761 (1973) (express statement in context of wrongful-death action); Walker by Pizano v. Mart, 164 Ariz. 37, 790 P.2d 735, 739 (1990) (dictum in wrongful-life action); Cal. Civ.Code § 43.1 (2007) ("A child conceived, . but not yet born, is deemed an existing person, so far as necessary for the child’s interests in the event of the child's subsequent birth.”); Kelemen v. Superior Court, 136 Cal.App.3d 861, 186 Cal.Rptr. 566, 568 (1982) (prenatal injury); Empire Cas. Co. v. St. Paul Fire & Marine Ins. Co., 764 P.2d 1191, 1195— 97 (Colo. 1988) (by implication in decision recognizing cause of action for pre-conception tort); Simon v. Mullin, 34 Conn.Supp. 139, 380 A.2d 1353, 1357 (1977) (prenatal injury); Day v. Nationwide Mut. Ins. Co., 328 So.2d 560, 562 (Fla.Dist.Ct.App.1976) (prenatal injury); Larusso v. Garner, 888 So.2d 712, 719 (Fla.Dist.Ct.App.2004) (prenatal injury); Hornbuckle v. Plantation Pipe Line Co., 212 Ga. 504, 93 S.E.2d 727 (1956) (prenatal injury); McAuley v. Wills, 251 Ga. 3, 303 S.E.2d 258, 259-60 (1983) (dictum in wrongful-death action); Renslow v. Mennonite Hosp., 67 Ill.2d 348, 352-53, 367 N.E.2d 1250, 1252-53, 10 Ill.Dec. 484, 486-87 (1977) (express statement in decision recognizing cause of action for preconception tort); Stallman v. Youngquist, *426 125 Ill.2d 267, 272-73, 531 N.E.2d 355, 357-58, 126 Ill.Dec. 60, 62-63 (1988) (following Renslow)-, Cowe by Cowe v. Forum Group, Inc., 541 N.E.2d 962, 967-68 (Ind.Ct.App.1989), aff'd in part, rev'd in part, and remanded, 575 N.E.2d 630, 636-37 (Ind.1991) (adopting Restatement (Second) of Torts § 869(1)) (prenatal injury); Humes v. Clinton, 246 Kan. 590, 596, 792 P.2d 1032, 1037 (1990) (dictum in wrongful-death action); Danos v. St. Piene, 402 So.2d 633 (La.1981) (by implication in wrongful-death action); Group Health Ass'n, Inc. v. Blumenthal, 295 Md. 104, 117-18, 453 A.2d 1198, 1206-07 (1983) (express statement in context of wrongful-death action); Payton v. Abbott Labs., 386 Mass. 540, 559-64, 437 N.E.2d 171, 182-85 (1982) (prenatal injury); Torigian v. Watertown News Co., 352 Mass. 446, 225 N.E.2d 926 (1967) (by implication in wrongful-death action); Womack v. Buchhorn, 384 Mich. 718, 187 N.W.2d 218 (1971) (prenatal injury); Connor v. Monkem Co., 898 S.W.2d 89 (Mo.1995) (by implication in wrongful-death action); Bergstreser v. Mitchell, 448 F.Supp. 10, 14-15 (E.D.Mo.1977), aff'd, 577 F.2d 22, 25-26 (8th Cir.1978) (by implication in decision recognizing cause of action for preconception tort); Miller v. Duhart, 637 S.W.2d 183, 185 (Mo.Ct.App.1982) (dictum in "wrongful-life” case); Weaks v. Mounter, 88 Nev. 118, 121-22, 493 P.2d 1307, 1309 (1972) (prenatal injury); White v. Yup, 85 Nev. 527, 532-33, 458 P.2d 617, 620-21 (1969) (express statement in context of wrongful-death action); Bennett v. Hymers, 101 N.H. 483, 147 A.2d 108 (1958) (prenatal injury); Smith v. Brennan, 31 N.J. 353, 362-63, 157 A.2d 497, 502 (1960) (prenatal injury); Hughson v. St. Francis Hosp. of Port Jevis, 92 A.D.2d 131, 459 N.Y.S.2d 814, 815 (1983) (prenatal injury); Kelly v. Gregory, 282 A.D. 542, 125 N.Y.S.2d 696, 697 (1953) (prenatal injury); Stetson v. Easterling, 274 N.C. 152, 155-56, 161 S.E.2d 531, 533-34 (1968) (express statement in context of wrongful-death action); Gay v. Thompson, 266 N.C. 394, 399, 146 S.E.2d 425, 429 (1966) (by implication in wrongful-death action); Hopkins v. McBane, 359 N.W.2d 862, 864 (N.D.1984) (adopting Restatement (Second) of the Law of Torts § 869(1) in context of wrongful-death action); Evans v. Olson, 550 P.2d 924, 927 (Olda.1976) (express statement in context of wrongful-death action); Sinkler v. Kneale, 401 Pa. 267, 273, 164 A.2d 93, 96 (1960) (prenatal injury); Sylvia v. Gobeille, 101 R.I. 76, 220 A.2d 222 (1966) (prenatal injury); Re Certification of a Question of Law from the United States District Court, 543 N.W.2d 787 (S.D.1996) (by implication in wrongful-death action); Delgado v. Yandell, 468 S.W.2d 475 (Tex.App.1971), writ ref’d n.r.e. per curiam, 471 S.W.2d 569 (Tex.1971) (prenatal injury); Kalafut v. Gruver, 239 Va. 278, 283, 389 S.E.2d 681, 683-84 (1990) (adopting Restatement (Second) of Torts § 869(1) in context of wrongful-death action); Harbeson v. Parke-Davis, Inc., 98 Wash.2d 460, 479, 656 P.2d 483, 495 (1983) (dictum in "wrongful-life” case); Seattle-First National Bank v. Rankin, 59 Wash.2d 288, 290-91, 367 P.2d 835, 837-38 (1962) (prenatal injury); Farley v. Sartin, 195 W.Va. 671, 681, 466 S.E.2d 522, 532 (1995) (express statement in context of wrongful-death action); Kwaterski v. State Farm Mut. Auto. Ins. Co., 34 Wis.2d 14, 148 N.W.2d 107, 109 (1967) (express statement in context of wrongful-death action); Puhl v. Milwaukee Auto. Ins. Co., 8 Wis.2d 343, 99 N.W.2d 163, 169-71 (1959) (dictum in prenatal-injury case), overruled on other grounds, In re Estate of Stromsted, 99 Wis.2d 136, 299 N.W.2d 226, 229-30 (1980). See generally Roland F. Chase, Annot., Liability for Prenatal Injuries, 40 A.L.R.3d 1222 (1971 & Supp. May 2011) (collecting cases).

. Crussell v. Electrolux Home Prods., Inc., 499 F.Supp.2d 1137, 1138-41 (W.D.Ark.2007) (applying Arkansas law); Luff v. Hawkins, 551 A.2d 437, 438 n. 1 (Del.Super.Ct.1988) (by implication in wrongful-death action); Worgan v. Greggo & Ferrara, Inc., 128 A.2d 557 (Del.Super.Ct.1956) (express statement in context of wrongful-death action); Wade v. United States, 745 F.Supp. 1573, 1579 (D.Haw.1990) (express statement in context of wrongful-death action); Volk v. Baldazo, 103 Idaho 570, 651 P.2d 11, 13 (1982) (express statement in context of wrongful-death action); Lamben v. Sisters of Mercy Health Corp., 369 N.W.2d 417 (Iowa 1985) (recognizing action for medical malpractice in attending pregnant woman); Kilker v. Mulry, 437 N.W.2d 1 (Iowa Ct.App.1988) (prenatal injury); Mitchell v. Couch, 285 S.W.2d 901 (Ky. *427 1955) (by implication in wrongful-death action); City of Louisville v. Stuckenborg, 438 S.W.2d 94, 95 (Ky.1968) (same); Verkennes v. Corniea, 229 Minn. 365, 38 N.W.2d 838 (1949) (same); Pehrson v. Kistner, 301 Minn. 299, 222 N.W.2d 334 (1974) (following Verkennes); Rainey v. Horn, 221 Miss. 269, 281-82, 72 So.2d 434, 439-40 (1954) (express statement in context of wrongful-death action); Strzelczyk v. Jett, 264 Mont. 153, 870 P.2d 730 (1994) (by implication in wrongful-death action); Hartley v. Guthmann, 248 Neb. 131, 532 N.W.2d 331 (1995) (prenatal injury); Miles v. Box Butte Cnty., 241 Neb. 588, 489 N.W.2d 829 (1992) (prenatal injury); Davila v. Bodelson, 103 N.M. 243, 704 P.2d 1119 (N.M.Ct.App.1985) (prenatal injury); Williams v. Marion Rapid Transit, Inc., 152 Ohio St. 114, 87 N.E.2d 334 (1949) (prenatal injury); Griffiths v. Doctors Hosp., 150 Ohio App.3d 234, 238, 780 N.E.2d 603, 606 (2002) (dictum in wrongful-death case); Mallison v. Pomeroy, 205 Or. 690, 291 P.2d 225 (1955) (by implication in wrongful-death case); Hall v. Murphy, 236 S.C. 257, 262, 113 S.E.2d 790, 793 (1960) (express statement in context of wrongful-death action); Shousha v. Matthews Drivurself Serv., Inc., 210 Tenn. 384, 395-96, 358 S.W.2d 471, 476 (1962) (express statement in context of wrongful-death action); Reiser v. Lohner, 641 P.2d 93 (Utah 1982) (apparently recognizing that a cause of action for prenatal injuries exists in Utah); Vaillancourt v. Medical Ctr. Hosp. of Vermont, Inc., 139 Vt. 138, 141-42, 425 A.2d 92, 94-95 (1980) (by implication in wrongful-death action); Greater Southeast Cmty. Hosp. v. Williams, 482 A.2d 394, 396 & n. 2 (D.C.Ct.App.1984) (express statement in context of wrongful-death action).

. In addition to the cases cited supra nn. 22-23, see: Eich v. Gulf Shores, 293 Ala. 95, 300 So.2d 354 (1974); Summerfield v. Superior Court, 144 Ariz. 467, 474-79, 698 P.2d 712, 719-24 (1985); Aka v. Jefferson Hosp. Ass’n, Inc., 344 Ark. 627, 637-43, 42 S.W.3d 508, 515-19 (2001) (see also Ark.Code Ann. § 16-62-102(a)(l) (Michie 2005) (recognizing cause of action for the wrongful-death of a viable unborn child)); Espadero v. Feld, 649 F.Supp. 1480, 1483-85 (D.Colo.1986), cited with approval in Keefe v. Pizza Hut of America, Inc., 868 P.2d 1092, 1094 (Colo.Ct.App.1994); Gorke v. Le Clerc, 23 Conn.Supp. 256, 181 A.2d 448 (1962); Florence v. Town of Plainfield, 48 Conn.Supp. 440, 452-60, 849 A.2d 7, 15-19 (2004); Porter v. Lassiter, 91 Ga.App. 712, 87 S.E.2d 100 (1955); Shirley v. Bacon, 154 Ga.App. 203, 267 S.E.2d 809 (1980); Wade v. United States, 745 F.Supp. 1573 (D.Haw.1990); Chrisafogeorgis v. Brandenberg, 55 Ill.2d 368, 304 N.E.2d 88 (1973); Hale v. Manion, 189 Kan. 143, 368 P.2d 1 (1962); State ex rel. Odham v. Sherman, 234 Md. 179, 198 A.2d 71 (1964); Mone v. Greyhound Lines, Inc., 368 Mass. 354, 331 N.E.2d 916 (1975); O’Neill v. Morse, 385 Mich. 130, 188 N.W.2d 785 (1971); Jarvis v. Providence Hosp., 178 Mich.App. 586, 444 N.W.2d 236, 238 (1989); O’Grady v. Brown, 654 S.W.2d 904 (Mo.1983); Strzelczyk v. Jett, 264 Mont. 153, 870 P.2d 730 (1994); Neb.Rev.Stat. § 30-809(1) (2010); Poliquin v. Macdonald, 101 N.H. 104, 135 A.2d 249 (1957); Salazar v. St. Vincent Hosp., 95 N.M. 150, 619 P.2d 826 (N.M.Ct.App.1980); DiDonato v. Wortman, 320 N.C. 423, 358 S.E.2d 489 (1987); Werling v. Sandy, 17 Ohio St.3d 45, 476 N.E.2d 1053 (1985); Libbee v. Permanente Clinic, 268 Or. 258, 518 P.2d 636 (1974); Amadio v. Levin, 509 Pa. 199, 501 A.2d 1085 (1985); Presley v. Newport Hosp., 117 R.I. 177, 365 A.2d 748 (1976); Fowler v. Woodward, 244 S.C. 608, 138 S.E.2d 42 (1964); Re Certification of a Question of Law from United States District Court, 387 N.W.2d 42 (S.D. 1986); Tenn.Code Ann. § 20-5-106(c) (1994); Tex. Civ. Prac. & Rem.Code Ann. § 71.001(4) (Vernon 2006); Carranza v. United States, 267 P.3d 912 (Utah 2011) (interpreting former Utah Code Ann. § 78-11-6 (Supp.2006)); Moen v. Hanson, 85 Wash.2d 597, 537 P.2d 266 (1975). See generally Sheldon R. Shapiro, Annot., Right to Maintain Action or to Recover Damages for Death of Unborn Child, 84 A.L.R.3d 411 (1978 & Supp. May 2011) (collecting cases).

. Porter v. Lassiter, 91 Ga.App. 712, 87 S.E.2d 100 (1955); Rainey v. Horn, 221 Miss. 269, 72 So.2d 434 (1954); Miss.Code Ann. § 11-7-13 (2004) (amending wrongful-death statute to include an "unborn quick child”).

. Mack v. Carmack, 79 So.3d 597 (Ala.2011); 740 Ill. Comp. Stat. Ann. § 180/2.2 (2010) (amending wrongful-death statute to apply to an unborn child regardless of the stage of gestation or development) (but see Miller v. American Infertility Group of Illinois, S.C., 386 Ill.App.3d 141, 897 N.E.2d 837, 325 Ill. Dec. 298 (2008) (statute does not apply to pre-implanted fertilized ova)); Johnson v. Southern New Orleans Light & Traction Co., Docket 9048 (La.Ct.App. Dec. 10, 1923) (rejecting viability standard for wrongful death of unborn child); Danos v. St. Pierre, 402 So.2d 633, 638-39 (La.1981) (approving Johnson's rejection of viability); Danos v. St. Pierre, 383 So.2d 1019, 1027 (La.Ct.App.1980) (Lottinger, J., concurring), aff'd, 402 So.2d 633 (La.1981); La. Civ.Code Ann. art. 26 (1999) ("An unborn child shall be considered as a natural person for whatever relates to its interests from the moment of conception; If the child is born dead, it shall be considered never to have existed as a person, except for purposes of actions resulting from its wrongful death.”); Mich. Comp. Laws Ann. § 600.2922a (2010); Connor v. Monkem, 898 S.W.2d 89 (Mo.1995) (interpreting statute setting forth rule of construction); Neb.Rev.Stat. § 30-809(1) (2010) (amending wrongful-death statute to include "an unborn child in útero at any stage of gestation”); Oída. Stat. Ann. tit. 12, § 1053(F) (2011), tit. 63, § 1-730 (2012); S.D.Code Ann. § 21-5-1 (1987) (amending wrongful-death statute to include "an unborn child”); Wiersma v. Maple Leaf Farms, 543 N.W.2d 787 (S.D.1996) (interpreting wrongful-death statute); Tex. Civ. Prac. & Rem. Code Ann. § 71.001(4) (Vernon 2008) (defining "individual” in wrongful-death statute to include "an unborn child at every stage of gestation from fertilization until birth”); Carranza v. United States, 267 P.3d 912 (Utah 2011); Farley v. Sartin, 195 W.Va. 671, 466 S.E.2d 522 (1995) (interpreting wrongful-death statute).

.See § 19-3B-305, Ala.Code 1975; Alaska Stat. § 13.06.120(4) (2008); Ariz.Rev.Stat. Ann. § 14-1408 (2011); Ark.Code Ann. § 28-73-305(a) (Supp.2009); Cal. Civ. Prac.Code § 373.5 (2004); Colo.Rev.Stat. Ann. § 15-10-403(5) (2011); Conn. Gen.Stat. Ann. § 45a-132 (2010); Delaware: Rule 17(c), Chancery Court Rules (2012); Fla. Stat. Ann. § 731.303(4) (2010); Ga.Code Ann. § 53-11-2(b) (2010); Hawaii: Rule 28(b), Probate Rules; Idaho Code Ann. § 15-l-403(d) (2009); 735 Ill. Comp. Stat. Ann. § 5/2-501 (2003); Ind.Code Ann. § 29-l-l-20(b) (2010); Iowa Code Ann. § 633A.6306 (2011); Kan. Stat. Ann. § 59-2205 (2008); Ky.Rev. Stat. Ann. § 389A.035 (2010); La. Civ.Code Ann. art. 252 (2008) (authorizing appointment of "curator" to represent the interests of an unborn person); Me.Rev.Stat. Ann. tit. 18-B, § 305 (2011) (authorizing appointment of a "representative” to represent the interests of an unborn person in a matter concerning a trust); Spencer v. McMullen, 198 Md. 90, 81 A.2d 237 (1951) (authorizing appointment of a guardian ad litem to represent the interests of an unborn child); Mich. Comp. Laws Ann. § 600.2045 (1996); Minn.Stat. Ann. § 501B.19 (2012); Mississippi: Rule 17(c), Rules of Civil Procedure; Mo. Ann. Stat. § 472.300(4) (2007); Mont.Code Ann. § 72-35-313(1) (2011); Neb.Rev.Stat. Ann. § 30-2222(4) (2010); Nev.Rev.Stat. Ann. § 155.140(l)(h) (2009); N.H.Rev.Stat. Ann. § 498-A:23 (2009) (eminent-domain proceedings); New Jersey: Rule 4:26-3(a), Rules of Court; N.M. Stat. § 45-l-403(D) (Supp. 2011); N.Y. Surr. Ct. Proc. Act Law § 315 (McKinney 1994); North Carolina: Rule 17(b)(4), Rules of Civil Procedure; N.D. Cent. Code § 30.1-03-03(5) (2010); Ohio Rev.Code Ann. § 5803.05 (2006); Olda.Rev.Stat. Ann. tit. 12, § 1147.3 (2000); Or.Rev.Stat. § 130.120 (2009); Pennsylvania: Rule 12.4(a), Orphans' Court Rules; S.C.Code Ann. § 62-1-403(4) (2011); S.D. Codified Laws § 55-3-32(3) (2004); Tenn.Code Ann. § 35-15-305(a) (2007); Tex. Prop.Code § 115.014(a) (Vernon Supp.2011); Utah Code Ann. § 75-7-305 (2010); Vermont: Rule 18(c), Probate Rules; Wash. Rev.Code Ann. *429 § 11.96A.160 (2006); W. Va.Code Ann. § 44D-3-305 (2004); Wis. Stat. Ann. § 48.235(l)(f) (2011); Wyo. Stat. Ann. § 4-10-305(a) (2009) (authorizing appointment of a representative to represent the interests of an unborn person in matters concerning a trust).

.See § 22-8Á-4(h), Ala.Code 1975 (“Advance Directive for Health Care,” § 3); see also Alaska Stat. § 13.52.055 (2008); Ark. Code Ann. § 20-17-206(c) (2005); Conn. Gen.Stat. Ann. § 19a-574 (2011); Del.Code Ann. tit. 16, § 2503(j) (2003); Fla. Stat. Ann. § 765.113(2) (2010); Ga.Code Ann. §§ 31-32-4 (2009) (Form, Part Two, ¶(9)), 31-32-9(a)(1); Idaho Code Ann. §§ 39-4504 (2002) (A Living Will, ¶ 4), 39-4505 (2002) (A Durable Power of Attorney for Health Care, ¶ 4); 755 Ill. Comp. Stat. Ann. 35/3(c) (2011); Ind. Code Ann. § 16-36-4-8(d) (2007); Iowa Code Ann. § 144A.6(2) (2005); Kan. Stat. Ann. § 65-28,103(a) (2008) (last sentence); Ky. Rev.Stat. Ann. §§ 311.625(1) (form), 311.629(4) (2010); Mich. Comp. Laws Ann. §§ 700.5509(l)(d), 700.5512(1) (2011); Mo. Ann. Stat. § 459.025 (2007); Mont.Code Ann. §§ 50-9-106(7), 50-9-202(3) (2011); Neb. Rev.Stat. Ann. §§ 20-408(3) (2008), 30-3417(l)(b) (2010); Nev.Rev.Stat. Ann. § 449.624(4) (2009); N.H.Rev.Stat. Ann. § 137-J:5(V)(c) (2011); N.D. Cent.Code § 23-06.5-09(5) (2009); Ohio Rev.Code Ann. § 1337.13(D) (2006), § 2133.06(B) (2007); Okla.Rev.Stat. Ann. tit. 63, §§ 3101.4(C) (Advance Directive for Health Care Form, HIV(c)), 3101.8(C) (2012); 20 Pa. Cons.Stat. Ann. §§ 5429(a), (b) (2008) {see also tit. 20, § 5429(b) (do-not-resuscitate orders)); R.I. Gen. Laws §§ 23-4.10-5(c), 23-4.11-6(c) (2008); S.C.Code Ann. §§ 44-77-70 (2002), 62-5-504(G) (2009); S.D. Codified Laws §§ 34-12D-10 (2004), 59-7-2.8 (2009); Tex. Health & Safety Code Ann. § 166.049 (Vernon 2010) (see also § 166.098 (do-not-resuscitate orders)); Utah Code Ann. § 75-2a-123(l) (Supp.2010); Wash. Rev.Code Ann. § 70.122.030(l)(d) (2011); Wis. Stat. Ann. § 154.03 (Directive to Attending Physician, para. 4) (2006) {see also § 154.19(l)(e) (do-not-resuscitate orders)).

. See § 26-l-2(g)(l), Ala.Code 1975; see also Alaska Stat. § 13.26.150(e)(2) (2008) (restriction on guardian authorizing an abortion); Cal. Prob.Code § 4652(e) (2009); Fla. Stat. Ann. § 765.113(1) (2010); Ga.Code Ann. § 31-32-14(b) (2009); Nev.Rev.Stat. Ann. § 162A.850(l)(e) (2009); N.D. Cent.Code § 23-06-5.03(6) (Supp.2009); Okla.Rev.Stat. Ann. tit. 30, § 3-119(3) (2009) (restriction on guardian authorizing an abortion); Or.Rev. ■ Stat. § 127.540(5) (2009); Tex. Health & Safety Code § 166.152(f)(4) (Vernon 2010) (see also § 166.163 (form of disclosure statement)); Va.Code Ann. § 54.1-2983.3(B) (Supp.2010).

. These words, borrowed from the first guarantee of the Declaration of Independence, which states that "[w]e hold these truths to be *430 self-evident, that all men are created equal, that they are endowed by their Creator with certain unalienable Rights, that among these are Life, Liberty and the pursuit of Happiness,” affirm that each person has a God-given right to life.